**ORDER OF RAILWAY CONDUCTORS OF AMERICA, etc., et al. v. NATIONAL MEDIATION BOARD et al.**

No. 8571.

United States Court of Appeals
District of Columbia.

Argued Feb. 17, 1944.

Decided March 27, 1944.

Messrs. William C. Clineburg, of the Bar of the Supreme Court of Nebraska, of Washington, D. C., and V. C. Shuttleworth, of the Bar of the Supreme Court of Iowa, of Cedar Rapids, Iowa, both pro hac vice, by special leave of court, with whom Mr. Rufus G. Poole, of Washington, D. C., was on the brief, for appellants.

Mr. Guy W. Knight, of the Bar of the Supreme Court of Pennsylvania, of Philadelphia, Pa., pro hac vice, by special leave of court, with whom Mr. R. Aubrey Bogley, of Washington, D. C., was on the brief, for appellee Pennsylvania Railroad Company.

Mr. Bernard M. Savage, of Baltimore, Md., for appellee Brotherhood of Railroad Trainmen. Mr. Alfred L. Bennett, of Washington, D. C., also entered an appearance for appellee Brotherhood of Railroad Trainmen.

Mr. Robert L. Pierce, Special Assistant to the Attorney General, with whom Mr. Wendell Berge, Assistant Attorney General, was on the brief, for appellees National Mediation Board and its individual members.

Before GRONER, Chief Justice and MILLER, Associate Justice.

PER CURIAM.

This case is here on appeal and arises out of a jurisdictional dispute between the Order of Railway Conductors and the Brotherhood of Railroad Trainmen.

Since 1927 there had been in effect certain jointly negotiated contracts affecting the relationship of the Pennsylvania Railroad and the two unions. In 1941 the Railroad served notice of its desire to change specific provisions of the contracts, and negotiations were begun to that end. In the middle of 1942 the negotiations were terminated by the Conductors. Thereafter negotiations between the Railroad and Trainmen resulted in a contract affecting what are called assistant conductors and also the circumstances under which

the conductors' "extra board" would be maintained. In the late summer of 1942 conferences were resumed between the Railroad and Conductors. The Railroad refused to reopen the questions dealt with in its recently made contract with Trainmen, and Conductors again withdrew. Shortly after this Trainmen invoked the Mediation Board's services to hold an election under § 2, Ninth of the Act,* and to certify that organization as the authorized representative of the road conductors on the Pennsylvania. Conductors protested, claiming that the Railroad, with the purpose of having Trainmen substituted for it as bargaining representative, had been guilty of bad faith and coercion, had encouraged Trainmen and its supporters by giving them undue consideration in the settlement of certain back wage claims of its members, and had spread among the employees, including the road conductors, rumors tending to show that Trainmen was an effective organization, alert to the interests of its members, and that Conductors was not, all with the purpose of inducing the conductors to cast their votes at the election in favor of Trainmen as their bargaining representative. Conductors accordingly requested a postponement of the election until an investigation of the charges had been made by the Board. The Board refused the request for postponement, as well as the request that it investigate the charges and insisted it had no jurisdiction therein, except as to coercion, threatened or practised, while an election is in progress. Conductors then began this suit in the District Court against the Railroad and Trainmen, and while it was pending the election was held and as a result Conductors was displaced as the representative of the craft of road conductors in favor of Trainmen. Conductors then, by amended complaint in which it joined the Board as one of the parties defendant, asked the court below to annul and set aside the election and the certification of the Board and to declare that Conductors was the proper representative of the conductors' craft, and to direct the Railroad to bargain with it as to working conditions, etc. Conductors further asked the court to enjoin the Railroad from continuing to coerce the conductors in their choice of a representative against a possible future election. The District Court held that Con-

ductors had no cause of action and dismissed the complaint.

The question now before us arises on the motion of the Board, the Trainmen and the Railroad to dismiss the appeal for lack of jurisdiction. We are of opinion the motion must be granted on the authority of the decision of the Supreme Court in Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95. In that case the Court held that under the terms of the Act Federal courts lacked jurisdiction to review in any respect the action of the Board in jurisdictional representative disputes. In the later case of Brotherhood of Railway and S. S. Clerks etc., v. United Transport Service Employees, 64 S.Ct. 260, decided December 6, 1943, the Court went further and extended the prohibition against judicial review to cases in which the action of the Board was said to be clearly arbitrary.

▄▄▄ In the present case Conductors had, prior to this controversy, represented road conductors, and Trainmen had represented yard conductors. When the right of the former to continue to represent road conductors was challenged by Trainmen and it was charged that there was collusion between Trainmen and the Railroad, with the purpose of influencing the electors in casting their ballots, we think the Board should have investigated the charge before calling or holding an election. This seems to us to follow from the provisions of the Section of the Act under which the Board is required to function. The Board's justification that jurisdiction to police the election was confined to the event itself, and not the circumstances leading up to it, does not appeal to us. See Texas & N. O. R. Co. v. Brotherhood of Ry. & S. S. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034. But after the election had been held and the majority of the votes had been cast and counted for Trainmen and the Board had certified it as the bargaining representative, the decisions of the Supreme Court in the cases we have referred to, as well as in the Missouri-Kansas and Southern Pacific cases (Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas Co., 320 U.S. 323, 64 S.Ct. 146; Brotherhood of Locomotive Engineers v. Southern Pacific Co., 320 U.S. 338, 64 S.Ct. 142), decided the same day, as we understand their purport,

---

* Railway Labor Act, as amended June 21, 1934, 45 U.S.C.A. § 151 et seq.

foreclose the question we have here and deprive the courts of all right of interference.

■ The prayer for injunctive relief against the Railroad, growing out of its alleged policy of coercion, which counsel continue to press, even if it be conceded the District Court has jurisdiction to grant the relief asked, would be bootless in the present situation, since it is not alleged that coercion is continuing now, for the dispute which it is claimed gave it birth is over and done with, the controversy conclusively ended and put to rest by the Board's certification, and there is no reason to suppose there will be another request for an election. For even greater reason no relief, injunctive or otherwise, can be granted against the Board, for having completed its statutory obligation to conduct an election and make a certification, it is functus officio so far as the late controversy is concerned.

Appeal dismissed as to all appellees.