## UNITED TRANSPORT SERVICE EMPLOYEES OF AMERICA et al. v. NATIONAL MEDIATION BOARD et al.

### No. 8527.

United States Court of Appeals District of Columbia.

Argued Feb. 17, 1944.

Decided March 27, 1944.

---

[1] D.C.Code, 1940, § 16—415.

[3] D.C.Code 1940, § 11—326.

[4] Rapeer v. Colpoys, 66 App.D.C. 216, 219, 85 F.2d 715.

[5] D.C.Code 1940, §§ 16—415, 16—411, 16—410.

[6] D.C.Code 1940, § 16—410.

[7] D.C.Code 1940, § 11—327.

[8] Costello v. Palmer, 20 App.D.C. 210, 218.

Mr. James A. Cobb, of Washington, D. C., with whom Messrs. Perry W. Howard and George E. C. Hayes, both of Washington, D. C., were on the brief, for appellants.

Mr. Robert L. Pierce, Special Assistant to the Attorney General, with whom Mr. Wendell Berge, Assistant Attorney General, was on the brief, for appellees National Mediation Board and its individual members.

Mr. Martin F. O'Donoghue, of Washington, D. C., for appellee Brotherhood of Maintenance of Way Employees.

Before GRONER, Chief Justice, and MILLER, Associate Justice.

PER CURIAM.

This is a motion to dismiss the appeal in the above entitled case. The ground of the motion is that neither the District Court nor this court has jurisdiction over the subject matter involved. The suit below was an equity proceeding to review and set aside the certification of the Board issued pursuant to the provisions of Section 2, Ninth of the Railway Labor Act.[1]

The controversy grows out of a dispute between two labor unions. The Board, at the instance of appellants (United Transport Service Employees), held an election to determine the bargaining representative of employees in the maintenance of way and structures department of the Florida East Coast Railway. The Board ordered and held an election and found that the other party to the controversy (Brotherhood of Maintenance of Way Employees) had been duly elected as the representative of the craft, and certification accordingly followed. United thereupon brought this suit, charging that the election was a fraud, that illegal ballots had been accepted by the representative of the Board and that brutality and coercion had been practised by the opposing union and encouraged and connived at by officials of the Railroad.

The District Court found it had jurisdiction to consider the issues and, after hearing witnesses and considering the evidence previously heard and considered by the Board, found that the election was fair and impartial and that the decision and certification were in all respects correct.

While the appeal to this court was pending the Supreme Court decided Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, and the motion to dismiss is based upon the decision in that case. We think the motion must be granted.

In the Switchmen's case the Supreme Court distinctly held that Congress had given to the Board exclusive and final jurisdiction over proceedings under Section 2, Ninth of the Railway Labor Act, had provided no method of review of its certification, and that its action therein is conclusive on the parties without right of review in any court.

Appeal dismissed.