NATIONAL FEDERATION OF RAILWAY WORKERS et al. v. NATIONAL MEDIATION BOARD et al.

No. 8591.

United States Court of Appeals District of Columbia.

Argued Feb. 17, 1944.

Decided March 27, 1944.

---

[1] 45 U.S.C.A. § 152, subd. 9.

Mr. James A. Cobb, of Washington, D. C., with whom Messrs. Perry W. Howard and George E. C. Hayes, both of Washington, D. C., were on the brief, for appellants.

Mr. Robert L. Pierce, Special Assistant to the Attorney General, with whom Mr. Wendell Berge, Assistant Attorney General, was on the brief, for appellees National Mediation Board and its individual members.

Messrs. Edward C. Kriz, of Washington, D. C., and Frank L. Mulholland and Willard H. McEwen, both of Toledo, Ohio, for appellee International Brotherhood of Firemen, Oilers and Helpers, Roundhouse and Railway Shop Laborers.

Before GRONER, Chief Justice, and MILLER, Associate Justice.

PER CURIAM.

Appellants in this case are a railway labor union, known as the National Federation of Railway Workers, and appellees are the National Mediation Board and its individual members.

The controversy involves a representative dispute between two unions. The Federation at the time in question represented the railway shop laborers, including the Reclamation Plant laborers of the Texas & Pacific Railway Company at Marshall, Texas. In April, 1941, the Brotherhood of Firemen, Oilers, etc., invoked the services of the Board for an investigation and certification that it was the bargaining representative of the employees of the Railway performing work generally recognized as that of power house employees and shop laborers.

The Board took jurisdiction, called an election and certified a list of persons eligible to vote. At the election the Reclamation Plant laborers were denied the privilege of voting. As a result of the Federation's protest the dispute was considered by the Board and it was held that the election was in all respects proper, the protest of the Federation was dismissed and the Brotherhood certified as the bargaining representative of the employees concerned.

The District Court dismissed appellants' complaint and this appeal followed. The motion to dismiss is made on the authority of the decision of the Supreme Court in Switchmen's Union v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, in which it was held that neither this court nor the District Court had jurisdiction to review certifications issued by the Board. For reasons stated by us in, Order of Railway Conductors v. National Mediation Board, 79 U.S.App.D.C. ——, 141 F.2d 366, and United Transport Service Employees v. National Mediation Board, 79 U.S.App. D.C. ——, 141 F.2d 724, decided today, we think the motion must be granted and the appeal dismissed, and it is so ordered.

Appeal dismissed.