## KIRKLAND et al. v. ATLANTIC COAST LINE R. CO. et al.

### No. 9636.

United States Court of Appeals
District of Columbia.

Argued Jan. 20, 1948.

Decided April 19, 1948.

Messrs. E. Smythe Gambrell and W. Glen Harlan, both of Atlanta, Ga., both of the bar of the State of Georgia, pro hac vice, by special leave of Court, with whom Mr. Llewellyn C. Thomas, of Washington, D. C., was on the brief, for appellants.

Mr. Edward J. Hickey, Jr., Special Assistant to the Attorney General, with whom Mr. George Morris Fay, United States Attorney, of Washington, D. C., was on the brief, for appellees National Mediation Board and Frank P. Douglass.

Mr. Carl McFarland, of Washington, D. C., with whom Mr. Stephen J. Angland, of Washington, D. C., was on the brief, for appellee Grand International Brotherhood of Locomotive Engineers.

Messrs. Thomas W. Davis, of Wilmington, N. C., and Robert R. Faulkner, of Washington, D. C., entered appearances for appellee Atlantic Coast Line Railroad Company.

Before EDGERTON, CLARK, and PRETTYMAN, Associate Justices.

PER CURIAM.

Appellants are locomotive engineers on the Western Division of appellee Atlantic Coast Line Railroad Company. Their complaint asked the District Court to declare that a certification, by appellee National Mediation Board, of a bargaining representative was null and void. The court rightly dismissed the complaint for lack of jurisdiction.

The Supreme Court decided in 1943 that certifications of bargaining representatives under Sec. 2, Ninth of the Railway Labor Act[1] are not subject to judicial review. The Court said in effect that the statute precludes review: "the intent seems plain— the dispute was to reach its last terminal point when the administrative finding was made. There was to be no dragging out of the controversy into other tribunals of law."[2]

The Administrative Procedure Act[3] of 1946 provides that "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion—(a) * * * Any person suffering legal wrong because of any agency action * * * shall be entitled to judicial review thereof."[4] But since the Supreme Court had decided that the Rail-

[1] 48 Stat. 1188, 45 U.S.C.A. § 152, Ninth.

[2] Switchmen's Union v. National Mediation Board, 1943, 320 U.S. 297, 305, 64 S.Ct. 95, 99, 88 L.Ed. 61.

[3] 60 Stat. 237, 5 U.S.C.A. § 1001 et seq., as amended.

[4] 60 Stat. 243, 5 U.S.C.A. § 1009.

way Labor Act precludes judicial review, the quoted clause leaves the situation unchanged. The point seems obvious. However, legislative history confirms it. When the Administrative Procedure Act was pending in the Senate the Chairman of the Judiciary Committee, Senator McCarran, said "If a statute denies the right of review, the bill does not interfere * * *."[5] The reports of both Senate and House Judiciary Committees on the bill indicate that when statutes "withhold" judicial review they "preclude" it.[6] It is immaterial here that the House report also says: "To preclude judicial review under this bill a statute, if not specific in withholding such review, must upon its face give clear and convincing evidence of an intent to withhold it. The mere failure to provide specially by statute for judicial review is certainly no evidence of intent to withhold review." The Railway Labor Act, as interpreted by the Supreme Court, upon its face gives clear and convincing evidence of intent to withhold judicial review. It is as true today as it was before the Administrative Procedure Act was passed that in such a case as this "Any decision on the merits would involve the granting of judicial remedies which Congress chose not to confer."[7]

Affirmed.

---

[5] Administrative Procedure Act, Legislative History; Sen. Doc. 248, 79th Cong., 2d Sess., 319 (1946). Mr. Gwynne, ranking minority member of the House Judiciary subcommittee, which studied the bill, said: "Many [agencies] * * * even if we pass this bill will still not be subject to court review. This bill does not give a court review in any case where review is now precluded by statute. It simply clarifies and expands in some particulars the authority of the court in reviewing cases in which court review is not precluded by law." Id. at 374-375.

[6] Id. at 212, 275.

[7] General Committee v. Missouri-Kansas-Texas R. Co., 320 U.S. 323, 338, 64 S.Ct. 146, 153, 88 L.Ed. 76.