## ROSE et al. v. BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES et al.

### No. 6057.

United States Court of Appeals
Fourth Circuit.

Argued April 11, 1950.

Decided May 10, 1950.

Woodus Kellum, Wilmington, N. C. (G. Dudley Humphrey, Wilmington, N. C., on brief), for appellants.

Clarence M. Mulholland, Toledo, Ohio (I. M. Bailey, Clem B. Holding, Raleigh, N. C., Edward J. Hickey, Jr., Washington,

D. C., Bailey & Holding, Raleigh, N. C., and Mulholland, Robie & Hickey, Washington, D. C., on brief), for appellee brotherhood, etc.

Charles Cook Howell and M. V. Barnhill, Jr., Wilmington, N. C., on brief, for Atantic Coast Line R. Co.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order denying the right of certain employees to intervene in a suit instituted by a railroad brotherhood against a railroad to enforce collective bargaining under the Railway Labor Act. 45 U.S.C.A. § 152, Ninth. The suit was instituted by the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, which had been certified as bargaining agent for a large group of employees pursuant to the provisions of that act. The complaint alleged that the railroad refused to recognize or bargain with the brotherhood as bargaining agent for 850 employees embraced within the group and asked that it be required to do so. The intervening petition, which was disallowed, was filed by these employees asking that they be allowed to intervene and challenge the right of the brotherhood to represent them.

The facts are set forth in the pleadings; and those which we deem material are not in dispute. For some years prior to 1946 contracts had been entered into between the brotherhood and the railroads, from which the 850 employees were definitely excluded on the ground that the brotherhood did not represent or speak for them. Agitation arose for these employees to be brought into the group represented by the brotherhood; and the dispute thus engendered was carried to the Railway Mediation Board through request of the brotherhood that the board investigate it and take action pursuant to the Railway Labor Act. The board proceeded to include the 850 employees in the group theretofore represented by the brotherhood and ordered that an election be held by secret ballot to determine the choice of bargaining represent-

ative by the group as thus enlarged. This election, in which 5594 employees participated, resulted in the choice of the brotherhood; and it was duly certified by the board as bargaining agent for the entire group.

■ Appellants complain because they were included in the group for bargaining purposes and also because the ballot provided for the secret election did not afford the employees an opportunity to vote against collective bargaining but merely a choice between the brotherhood and any other bargaining agent that the voter might designate. Their petition to intervene was dismissed by the District Judge on the ground that exclusive jurisdiction of the questions presented was vested in the Mediation Board without power in the courts to review its action and that, this being true, the petition to intervene presented no question of a justiciable nature which afforded petitioners a right to intervene under rule 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. We think that this decision was clearly correct.

Section 2, Ninth of the Railway Labor Act, 45 U.S.C.A. § 152, Ninth, provides: "Ninth. If any dispute shall arise among a carrier's employees as to who are the representatives of such employees designated and authorized in accordance with the requirements of this chapter, it shall be the duty of the Mediation Board, upon request of either party to the dispute, to investigate such dispute and to certify to both parties, in writing, within thirty days after the receipt of the invocation of its services, the name or names of the individuals or organizations that have been designated and authorized to represent the employees involved in the dispute, and certify the same to the carrier. Upon receipt of such certification the carrier shall treat with the representative so certified as the representative of the craft or class for the purposes of this chapter. In such an investigation, the Mediation Board shall be authorized to take a secret ballot of the employees involved, or to utilize any other appropriate method of ascertaining the names of their duly designated and authorized representa-

tives in such manner as shall insure the choice of representatives by the employees without interference, influence, or coercion exercised by the carrier. * * *."

In the light of the decisions of the Supreme Court, there can be no doubt that the effect of this statute was to vest in the Mediation Board exclusive jurisdiction over the certification of bargaining agents, the determination of bargaining units and the classification of employees for the purposes of bargaining. And it is equally clear that the exercise of discretion by the board with respect to such matters is not subject to review by the courts. Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61; General Committee etc. v. M-K-T. R. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76; Brotherhood of Railway & Steamship Clerks etc. v. United Transport Service Employees, 320 U.S. 715, 64 S.Ct. 260, 88 L.Ed. 420; Order of Railway Conductors of America, etc. v. Penn. R. Co., 323 U.S. 166, 65 S.Ct. 222, 89 L.Ed. 154; Steele v. L. & N. R. Co., 323 U.S. 192, 205, 65 S.Ct. 226, 89 L.Ed. 173. And see Slocum v. D. L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577.

In the Switchmen's Union case, supra, 320 U.S. at page 300-301, 64 S.Ct. at page 97, the court said: "The Act in § 2, Fourth writes in to law the 'right' of the 'majority of any craft or class of employees' to 'determine who shall be the representative of the craft or class for the purposes of this Act.' That 'right' is protected by § 2, Ninth which gives the Mediation Board the power to resolve controversies concerning it *and as an incident thereto to determine what is the appropriate craft or class in which the election should be held.*" (Italics supplied.) And that the jurisdiction thus conferred on the board is exclusive was expressly stated in the M-K-T. case, supra, in the following language, 320 U.S. 336, 64 S.Ct. at page 152: "It is clear from the legislative history of § 2, Ninth, that it was designed not only to help free the unions from the influence, coercion and control of the carriers but also to resolve a wide range of jurisdictional disputes between unions or between groups

of employees. H. Rep. No. 1944, supra, p. 2; S. Rep. No. 1065, 73d Cong., 2d Sess., p. 3. However wide may be the range of jurisdictional disputes embraced within § 2, Ninth, Congress did not select the courts to resolve them. To the contrary, it fashioned an administrative remedy and left that group of disputes to the National Mediation Board. If the present dispute falls within § 2, Ninth, the administrative remedy is exclusive."

In Steele v. L. & N. R. Co., 323 U.S. 192, 65 S.Ct. at page 233, the Supreme Court, in holding that there was jurisdiction in the courts to entertain suits against a bargaining agent for discriminations against employees based on race, expressly distinguished such a case from cases involving questions as to "who is entitled to represent the craft, or who are members of it", saying: "The question here presented is not one of a jurisdictional dispute, determinable under the administrative scheme set up by the Act, cf. Switchmen's Union v. National Mediation Board, 320 U.S. 297, (328), 64 S.Ct. 95, (88 L.Ed. 61); General Committee v. M.-K.-T. R. Co., 320 U.S. 323, 64 S.Ct. 146, (88 L.Ed. 76); General Committee v. Southern Pacific Co., 320 U.S. 338, 64 S.Ct. 142, (88 L.Ed. 85); Brotherhood of Railway & Steamship Clerks v. United Transport Service Employees, 320 U.S. (715), 64 S.Ct. 260, (88 L.Ed. 420); 2d., 320 U.S. 816, 64 S.Ct. 435, (88 L.Ed. 493), or restricted by the Act to voluntary settlement by recourse to the traditional implements of mediation, conciliation and arbitration. General Committee v. M.-K.-T. R. Co., supra, 320 U.S. 332, 337, 64 S.Ct. 150, 152, (88 L.Ed. 76). There is no question here of who is entitled to represent the craft, or who are members of it, *issues which have been relegated for settlement to the Mediation Board,* supra; General Committee v. M.-K.-T. R. Co., supra." (Italics supplied.)

Appellants point to the statement in the concluding paragraph of the Switchmen's case that "what is open when a court of equity is asked for its affirmative help by granting a decree for the enforcement of a certificate of the Mediation Board under § 2, Ninth raises questions

not now before us." It is perfectly clear from what is said elsewhere in that opinion and in the other cases cited, however, that one of the matters not left open to the court is to review the discretion of the Board in the determination of the bargaining unit. The citation of Virginian R. Co. v. System Federation, 300 U.S. 515 at pages 559-562, 57 S.Ct. 592, 81 L.Ed. 789, leads to the inference that in a suit to compel collective bargaining with a union which had been certified as a bargaining agent, the court might in a proper case inquire into the validity or sufficiency of the certificate, as in cases where there had been a failure on the part of the board to make basic findings of fact in support of its order; but no allegations in the petition to intervene were sufficient to raise such questions here. In addition to this, the board has not been made a party to the proceeding, and the courts certainly may not set aside its orders behind its back. Order of Railway Conductors of America v. Penn. R. Co., 323 U.S. 166, 171, 65 S.Ct. 222, 89 L.Ed. 154.

In accord with the decisions of the Supreme Court above cited is the prior decision of this court in Brotherhood of Railway & Steamship Clerks, etc. v. Virginian R. Co., 4 Cir., 125 F.2d 853, 857, wherein we held that the certification of bargaining representative was a matter entrusted to the discretion of the Mediation Board and not to the courts. In that case we said: "Whether a secret election rather than a checking of authorization cards against company records is a more desirable method of determining the bargaining representative of employees in any particular case, is a matter which the law has confided to the discretion of the Mediation Board and not to the courts. Cf. Gray v. Powell, (314 U.S. 402), 62 S.Ct. 326, 86 L.Ed. 301, decided December 15, 1941. As was well said by the Circuit Court of Appeals of the Fifth Circuit, speaking through Judge Foster, in Brotherhood of Locomotive Firemen, etc., v. Kenan, 5 Cir., 87 F.2d 651, 654: 'There is no doubt that in establishing the Mediation Board and giving it au-

thority as above shown Congress intended that the decisions of the Board should be final and binding upon contending groups of employees and the carrier. The validity of the section is not challenged in this case nor could it be. The general rule is that, where Congress has appointed an administrative Board and it has acted within the scope of its authority, its findings are not subject to review by the courts, if supported by evidence, there was no irregularity in the proceedings, and the constitutional rights of persons adversely affected are not violated. Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289, and authorities therein cited.'"

A contrary view had been expressed in the Sixth Circuit and in the District of Columbia in cases upon which appellants here rely. See Brotherhood of Railroad Trainmen v. National Mediation Board, 66 App.D.C. 375, 88 F.2d 757; Brotherhood of Railway and Steamship Clerks, etc. v. N. C. & St. L. R. Co., 6 Cir., 94 F.2d 97; Order of Railway Conductors v. National Mediation Board, 72 App.D.C. 299, 113 F.2d 531; Switchmen's Union of North America v. National Mediation Board, 77 U.S.App.D.C. 264, 135 F.2d 785; Brotherhood of Railway and Steamship Clerks, etc. v. United Employees, 78 U.S.App.D.C. 125, 137 F.2d 817. These cases must be deemed overruled, however, by the decision in the Switchmen's Union and M.-K.-T. cases in the Supreme Court and the other cases in the Supreme Court which we have cited. Subsequent decisions in the District of Columbia accord with the cited Supreme Court decisions. United Transport, etc. v. National Mediation Board, 79 U.S.App.D.C. 15, 141 F.2d 724; National Federation, etc. v. National Mediation Board, 79 U.S.App.D.C. 16, 141 F.2d 725; Kirkland v. A. C. L. R. Co., 83 U.S.App. D.C. 205, 167 F.2d 529; United Transport, etc. v. National Mediation Board, D.C.Cir., 179 F.2d 446.

There was no error in dismissing the petition to intervene and the order to that effect will be affirmed.

Affirmed.