221 F.2d 829
 AMERICAN AIR EXPORT & IMPORT CO., Appellant,
v.
Francis A. O'NEILL, Jr., John Thad Scott, Jr., Leverett Edwards, Eugene C. Thompson, Air Carrier Pilots Association, Appellees.
 No. 12159.
 United States Court of Appeals, District of Columbia Circuit.
 Argued November 24, 1954.
 Decided December 23, 1954.
 Petition for Rehearing Denied February 3, 1955.
 
 Mr. Coates Lear, Washington, D. C., with whom Mr. Theodore A. Miller, Washington, D. C., was on the brief, for appellant.
 Mr. Daniel M. Friedman, Sp. Asst. to Atty. Gen., of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellees. Mr. Charles H. Weston, Attorney, Department of Justice, also entered an appearance for appellees O'Neill, Scott, Edwards and Thompson.
 Mr. Gerhard P. Van Arkel, Washington, D. C., with whom Mr. Eugene Gressman, Washington, D. C., was on the brief, for appellee Air Carrier Pilots Ass'n.
 Before BAZELON, FAHY and WASHINGTON, Circuit Judges.
 BAZELON, Circuit Judge.
 
 
 1
 This case stems from a labor dispute between the appellant employer, American Air Export and Import Company, and the intervenor union, Air Carrier Pilots Association. Pursuant to the union's request, which the employer opposed, the National Mediation Board advised the employer by letter that it had assumed jurisdiction of the dispute under § 201 of the Railway Labor Act,[1] and that a mediator would be assigned "to investigate the dispute." Before the Board took any further action, the employer brought this action in the District Court against the members and secretary of the Board to enjoin further Board action on the ground that the employer was not subject to the jurisdiction of the Board under the provisions of the Railway Labor Act. The District Court dismissed the complaint for lack of jurisdiction and the employer brought this appeal.
 
 
 2
 We think the complaint was properly dismissed. Under § 2, Ninth, of the Railway Labor Act,[2] upon request by a disputing party, the National Mediation Board must investigate a dispute as to employee representation and, within thirty days, certify the names of the designated representatives; thereafter, the employer is required to "treat with" the representatives thus certified. Here, no more has happened than a communication by the Board to the employer to the effect that it will make the required investigation. Since the administrative process, far from having been completed, is only just begun, the controversy is for that reason clearly not ripe for judicial review.[3] Even when the administrative process provided by the Railway Labor Act has culminated in certification of a union, such certification is not ordinarily subject to judicial review.[4]
 
 
 3
 No different result is contemplated by § 10 of the Administrative Procedure Act.[5] That section expressly excepts from judicial review those cases where "statutes preclude judicial review" or where "agency action is by law committed to agency discretion." Under the Railway Labor Act, certification is committed to the discretion of the Board.[6]
 
 
 4
 This court's decision in Airline Dispatchers Ass'n v. National Mediation Board[7] is of no help to appellant. We found judicial relief under the Administrative procedure Act appropriate there because the Board refused to exercise the functions assigned to it by the Railway Labor Act. We made clear, however, that, under the Supreme Court's decision in Switchmen's Union of North America v. National Mediation Board, the Board's performance of functions assigned to it by the Act was not subject to judicial review.
 
 
 5
 Appellant urges for the first time in this court that the action taken by the Board in this case gives rise to an imminent threat of criminal prosecution for which judicial intervention is allowed by the decision of the Supreme Court in Shields v. Utah-Idaho Central R. Co.[8] Since this contention was not urged below, we need not consider it here.[9] But it is without merit in any event. Shields involved an Interstate Commerce Commission order, under § 1, First, of the Railway Labor Act,[10] which finally determined that the complaining railroad "company was a `carrier' within the meaning of the [Railway Labor] Act * * *." By this ruling, the carrier became subject to the criminal penalties of the Act, imposed, inter alia, for failure to post required statutory notices on the handling of labor disputes pursuant to § 2, Eighth;[11] indeed, the Board itself had already ordered the carrier to comply with that provision. No such compliance was ordered in the instant case and no penalties for violation of § 2, Eighth, are threatened here. The action complained against in the instant case was taken by the Board under § 2, Ninth, of the Railway Labor Act, which involves no criminal penalties.[12] Thus the decision in the Shields case, "placed on the traditional use of equity proceedings to enjoin criminal proceedings",[13] is inapplicable here.
 
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 45 U.S.C.A. § 181
 
 
 [2]
 45 U.S.C.A. § 152, Ninth
 
 
 [3]
 Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L. Ed. 638
 
 
 [4]
 Switchmen's Union of North America v. National Mediation Board, 1943, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61; Order of Railway Conductors v. National Mediation Board, 79 U.S.App.D.C. 1, 141 F.2d 366, certiorari dismissed sub nom. Order of Railway Conductors v. Pennsylvania R. Co., 1944, 323 U.S. 166, 65 S.Ct. 222, 89 L.Ed. 154; United Transport Service Employees v. National Mediation Board, 1944, 79 U.S.App.D.C. 15, 141 F.2d 724; National Federation of Ry. Workers v. National Mediation Board, 1944, 79 U.S. App.D.C. 16, 141 F.2d 725; Kirkland v. Atlantic Coast Line R. Co., 83 U.S.App. D.C. 205, 167 F.2d 529, certiorari denied 1948, 335 U.S. 843, 69 S.Ct. 65, 93 L.Ed. 393; United Transport Service Employees v. National Mediation Board, 1949, 85 U.S.App.D.C. 352, 179 F.2d 446; Radio Officers' Union v. National Mediation Board, 1950, 86 U.S.App.D.C. 319, 181 F.2d 801
 
 
 [5]
 5 U.S.C.A. § 1009. The appellant also attempts to invoke the jurisdiction of the District Court under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. But that Act, although it furnishes a new remedial device, supplies no independent basis of jurisdiction. Clark v. Memolo, 1949, 85 U.S.App.D.C. 65, 67, 174 F.2d 978, 980, and cases there cited
 
 
 [6]
 Kirkland v. Atlantic Coast Line R. Co., 83 U.S.App.D.C. 205, 167 F.2d 529, certiorari denied 1948, 335 U.S. 843, 69 S.Ct. 65, 93 L.Ed. 393
 
 
 [7]
 89 U.S.App.D.C. 24, 189 F.2d 685, certiorari denied 1951, 342 U.S. 849, 72 S.Ct. 77, 96 L.Ed. 641
 
 
 [8]
 1938, 305 U.S. 177, 59 S.Ct. 160, 83 L. Ed. 111
 
 
 [9]
 Keyes v. Madsen, 1949, 86 U.S.App.D.C. 24, 26, 179 F.2d 40, 42, certiorari denied, 1950, 339 U.S. 928, 70 S.Ct. 628, 94 L. Ed. 1349
 
 
 [10]
 45 U.S.C.A. § 151, First
 
 
 [11]
 45 U.S.C.A. § 152, Tenth, which also provides criminal penalties for violation of paragraphs Third, Fourth, Fifth and Seventh of § 2
 
 
 [12]
 So far as § 2, Ninth, is concerned, compliance is to be obtained through civil suit, rather than by criminal prosecution. Virginian Ry. Co. v. System Federation No. 40, 1937, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789
 
 
 [13]
 Switchmen's Union of North America v. National Mediation Board, 1943, 320 U.S. 297, 306, 64 S.Ct. 95, 100, 88 L.Ed. 61