UNA CHAPTER, FLIGHT ENGINEERS' INTERNATIONAL ASSOCIATION, AFL–CIO, Appellant,

v.

NATIONAL MEDIATION BOARD, Francis A. O'Neill, Jr., Individually and as Chairman of the National Mediation Board, et al., Appellees.

No. 16332.

United States Court of Appeals District of Columbia Circuit.

Argued June 16, 1961.

Decided July 13, 1961.

906

Mr. Isaac N. Groner, Washington, D. C., with whom Messrs. I. J. Gromfine and William B. Peer of Zimring, Gromfine & Sternstein, Washington, D. C., were on the brief, for appellant. Mr. Herman Sternstein, New York City, also entered an appearance for appellant.

Mr. Morton Hollander, Atty., Dept. of Justice, with whom Mr. William H. Orrick, Jr., Asst. Atty. Gen., and Mr. David C. Acheson, U. S. Atty., were on the brief, for appellees National Mediation Board and others. Mr. Carl W. Belcher, Asst. U. S. Atty. at the time the record was filed, and Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., also entered appearances for appellees National Mediation Board and others.

Mr. Stuart Bernstein, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Messrs. Robert L. Stern, Chicago, Ill., and James Francis Reilly, Washington, D. C., were on the brief, for appellee United Air Lines, Inc.

Mr. Benjamin M. Shieber, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Benedict F. FitzGerald, Jr., Washington, D. C., was on the brief, for appellee Air Line Pilots Ass'n, International.

Mr. William J. Potts, Jr., Washington, D. C., with whom Mr. Andrew G. Haley, Washington, D. C., was on the brief, for appellee Richard L. Keller and others.

Messrs. Clarence M. Mulholland, Edward J. Hickey, Jr., and William G. Mahoney, Washington, D. C., filed a brief on behalf of Railway Labor Executives' Ass'n as amicus curiae, urging reversal. Mr. James L. Highsaw, Jr., Washington, D. C., also entered an appearance for Railway Labor Executives' Ass'n as amicus curiae.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a labor case, in which the central question is whether the Federal courts have jurisdiction to review a challenged order of the National Mediation Board. The UNA Chapter, Flight Engineers' International Association, AFL-CIO (FEIA), brought suit in the United States District Court for the District of Columbia against the National Mediation Board (NMB) and its members, the Air Line Pilots Association, International (ALPA), and United Air Lines (United). The complaint said that the litigation was brought "to enforce the fundamental policy of the Railway Labor Act * * * and to enjoin defendants * * from violating the Act by arrogating the right to create a new craft. * * * " Some 200 of United's flight engineers holding commercial pilot qualifications were permitted to intervene (the Keller group).

The basic controversy arose when ALPA requested that the NMB investigate an alleged representation dispute among United's pilots and flight engineers, theretofore represented by ALPA and FEIA, respectively; that it determine that all "flight deck personnel" (comprising both pilots and flight engineers) were the appropriate "craft or class" for representation purposes; that it hold a representation election in this "craft or class"; and that it certify the winner as the bargaining representative. Pursuant to Section 2, Ninth, of the Railway Labor Act,[1] the NMB designated a

committee of three neutral persons, empowered by that section of the Act "after hearing * * * [to] designate the employees who may participate in the election." One J. Glenn Donaldson was appointed chairman, and hearings commenced on December 1, 1959, the primary issue being the relationship and duties of the pilot, copilot and flight engineer. It was decided by the parties and the committee that visits should be made to United's training center to see how this three-man group actually functioned on piston and jet aircraft. Such visits were to be conducted only in the presence of ALPA and FEIA representatives. Subsequently, Mr. Donaldson, while on a personal trip aboard a United aircraft, accepted an invitation from the captain to sit in the cockpit and observe flight deck operations; it is alleged that the procedures shown him were atypical in that the personnel present (including a flight engineer) performed other than their accustomed duties. At the next hearing session, the FEIA moved that Donaldson resign from the committee for participating in this off-the-record action. He refused, and the NMB denied a motion to remove him. The committee thereafter observed United's operations under the conditions agreed upon.

After 40 days of hearings, 5121 pages of testimony, and 595 exhibits, the committee on January 17, 1961, found that pilots, copilots, and flight engineers at United comprised the personnel of a single "craft or class" entitled to vote in a representation election. An election was held among this group, at which ALPA received 1682 votes and FEIA 58 votes. A certificate was thereupon issued by the Board to ALPA. The instant suit had already been commenced. Upon motion of the defendants-appellees the District Court ruled that it had no jurisdiction over the subject matter of the dispute, that no substantial constitutional question was presented, and that the complaint failed to state a claim upon which relief could be granted. It there-

---

1. Added by 48 Stat. 1188 (1934), 45 U.S. C.A. § 152, Ninth as made applicable to

airline common carriers, 49 Stat. 1189 (1936), 45 U.S.C.A. §§ 181, 182.

fore dismissed the complaint. This appeal followed.

■■ The court did not err when it dismissed the complaint for lack of jurisdiction. Under the Railway Labor Act only the NMB (or the committee designated by it) has the power to make craft or class determinations. Switchmen's Union of North America v. N. M. B., 1943, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61. The right given to employees is that of designating, by a majority of those comprising a "craft or class," their representatives. See 320 U.S. at pages 300–301, 64 S.Ct. at pages 96–97. It has become well settled that in making "craft or class" determinations, the NMB may regroup, amalgamate, or splinter "historic" bargaining groups, taking into account technological and functional changes, and that the decision of the Board in setting up a "class" for representation in a jurisdictional dispute is unreviewable in the courts. Brotherhood of Railway and Steamship Clerks, etc. v. United Transp. Serv. Employees, 320 U.S. 715, 64 S.Ct. 260, 88 L.Ed. 420, reversing 1943, 78 U.S.App.D.C. 125, 137 F.2d 817; Switchmen's Union v. N. M. B., supra, reversing on jurisdictional grounds 77 U.S. App.D.C. 264, 135 F.2d 785; United Transport Service Employees of America C. I. O., ex rel. Wash. v. N. M. B., 1949, 85 U.S.App.D.C. 352, 179 F.2d 446; and General Committee of Adjustment of Brotherhood of Locomotive Engineers for Missouri-Kansas-Texas R. R. v. Missouri-Kan.-Tex. R. Co., 1943, 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76.[2]

■ Appellant alleges that the Board decision deprives the flight engineers, a minority group, of any free choice of representatives, destroys an historic "craft," and flies in the face of the "dominant" industry bargaining pattern.

Just such arguments were made to and accepted by this court in Brotherhood of Railway and Steamship Clerks, etc. v. United Transp. Serv. Employees, supra. The Supreme Court reversed, per curiam, 320 U.S. 715, 64 S.Ct. 260, citing the Switchmen's Union case, and General Committee of Adjustment of Brotherhood of Locomotive Engineers for Missouri-Kansas-Texas R. R. v. Missouri-Kan.-Tex. R. Co., supra. Appellant stands in no better position.

Appellant urges, however, that jurisdiction exists under the Supreme Court's decision in Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210. We cannot agree. In Leedom the Supreme Court carefully differentiated Switchmen's Union from the case before it, pointing out that the latter did not involve "review" of agency action, but the striking down of action in excess of delegated powers, in flat violation of the controlling statute—there the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq. See 358 U.S. at pages 188–190, 79 S.Ct. at pages 183–184. It should be noted, also, that in Leedom v. Kyne the National Labor Relations Board did not deny that it had contravened its governing statute. See 358 U.S. at page 187, 79 S.Ct. at page 183. No such admission is made here, and appellant has not pointed out any clear statutory limitation expressed by the Railway Labor Act which has been violated by the NMB. The action of the NMB, in contrast to that of the NLRB in Kyne, adhered to the statutory pattern prescribed; the correctness of its delineation of the bargaining class is not open to judicial review.

■ Apart from the certification issue, appellant urges that a significant constitutional issue exists warranting the

---

2. Thus, to the extent its action is within its powers, NMB decisions are not subject to "review" by injunction suit, declaratory judgment action under 28 U.S.C.A. § 2201, or suit under Section 10 of the Administrative Procedure Act, 60 Stat. 243 (1946), 5 U.S.C.A. § 1009. American Air Export & Import Co. v. O'Neill, 1954, 95 U.S.App.D.C. 274, 221 F.2d 829; Kirkland v. Atlantic Coast Line R. Co., 1948, 83 U.S.App.D.C. 205, 167 F.2d 529; United Transport Service Employees of America, C.I.O., ex rel. Wash. v. N. M. B., 1949, 85 U.S.App.D.C. 352, 179 F.2d 446.

exercise of jurisdiction by the District Court.[3] The constitutional issue—denial of due process—is said to arise from the extra-record view of cockpit procedures in a United aircraft by the chairman of the committee, as described earlier in this opinion. Appellant argues that since the statute requires a "hearing," any *ex parte* investigation constitutes a totally invalidating irregularity. This does not follow, however, for appellant is attempting to place on the word "hearing" a unitary meaning[4] of "adjudicatory hearing," which is unwarranted by the statutory scheme. The purpose of the Board (and similarly of its designated committee) is to find facts. See Switchmen's Union v. N. M. B., supra at page 301 of 320 U.S., at page 97 of 64 S.Ct. It does not fix rights and liabilities between parties, but "investigates," and determines the factual circumstances of a dispute; its functions are essentially legislative or rule-making, and not adjudicative, for it defines "craft or class" and the rules for elections. Ibid; cf. Inland Empire Dist. Council, Lumber and Sawmill Workers Union, Lewiston, Idaho v. Millis, 1945, 325 U.S. 697, 708–709, 65 S.Ct. 1316, 89 L.Ed. 1877. In legislative or rulemaking hearings, the scope of "official notice" is quite broad, limited only by essentials of fair notice and opportunity to rebut. See United States v. Pierce Auto Freight Lines, 1946, 327 U.S. 515, 530, 66 S.Ct. 687, 90 L.Ed. 821; Market St. R. Co. v. Railroad Comm., 1945, 324 U.S. 548, 561–562, 65 S.Ct. 770, 89 L.Ed. 1171; 2 Davis, Administrative Law § 15.12 (1958). Thus, it is essential to appellant's position that it demonstrate, by more than the conclusory allegations of its complaint, that it was prejudiced by this extra-record notice. See, e. g., United States v. Pierce Auto Freight Lines, supra. This it has not done. There is no issue here of nondisclosure or corruption.[5] From the time the committee hearings resumed after the challenged flight, the chairman and all parties were on notice of the flight, what occurred on it, and the fact that the procedures seen may have been atypical or "rigged." Following the incident, the committee took voluminous testimony and eventually issued a report mainly relying for its conclusions upon the relationship of the cockpit crew in jet aircraft,[6] and United's program for training flight engineers to become pilots. Donaldson's flight was not referred to. There was ample opportunity for appellant to place in the record any information considered necessary to rebut its effects. Under all the circumstances, we conclude that appellant has not presented a substantial constitutional question upon which the jurisdiction of the District Court could be grounded. Inland Empire Dist. Council, Lumber and Sawmill Workers Union, Lewiston, Idaho v. Millis, supra; United States v. Pierce Auto Freight Lines, supra; Market St. R. Co. v. Railroad Comm., supra; American Trucking Ass'ns v. Frisco Transp. Co., 1958, 358 U.S. 133, 144, 79 S.Ct. 170, 3 L.Ed.2d 172; cf. Carter v. Kubler, 1943, 320 U.S. 243, 64 S.Ct. 1, 88 L.Ed. 26.

For these reasons, the order of the District Court dismissing the complaint is hereby

Affirmed.

---

3. See United Transport Service Employees of America, C.I.O., ex rel. Wash. v. N. M. B., 1949, 85 U.S.App.D.C 352, 179 F.2d 446.

4. See C. A. B. v. Delta Air Lines, Inc., 1961, 367 U.S. 316, 81 S.Ct. 1611, 6 L.Ed.2d 869, quoting from Cook, The Logical and Legal Bases of the Conflict of Laws 159.

5. Compare Ohio Bell Tel. Co. v. Public Utilities Comm., 1937, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093; Sangamon Valley Television Corp. v. United States, 1959, 106 U.S.App.D.C. 30, 269 F.2d 221.

6. Donaldson's flight was on a piston aircraft.