Lawson FOGG, Edgar C. Lane, Kermit E. Sullivan, York C. Battey, Kyle Pettis, Lloyd McDuffie, K. C. Thompson, Samuel Walker, Individually and on Behalf of Other Sleeping Car Porters and Sleeping-Lounge Car Attendance, Similarly Situated, Plaintiffs,

v.

A. Phillip RANDOLPH, President, and Ashley L. Totten, Secretary-Treasurer, Brotherhood of Sleeping Car Porters, Union, and the New York Central System, Defendants.

United States District Court
S. D. New York.

Nov. 13, 1962.

William McKelvey, New York City, for plaintiffs.

Delson, Levin & Gordon, New York City, for defendant Brotherhood of Sleeping Car Porters; Ernest Fleischman, David Burns, New York City, of counsel.

Gerald E. Dwyer, New York City, for defendant New York Cent. R. Co.; James L. More, New York City, of counsel.

McGOHEY, District Judge.

Two motions are considered herein. The Brotherhood of Sleeping Car Porters (Brotherhood) and The New York Central System (Central), defendants,[1] each move under Rule 12(b) of the Federal Rules of Civil Procedure for dismissal of the complaint.

The plaintiffs allege that they are sleeping car porters (Porters) and sleeping-lounge car attendants (Attendants) employed by Central who bring the action individually and in behalf of other porters and attendants similarly situated. Juris-

diction is alleged under the Railway Labor Act, 45 U.S.C. § 151 ff., and under section 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 412.

Prior to July 1, 1958, the plaintiffs were employed either by the Pullman Company as sleeping car or lounge car personnel on Central trains or by Central as dining car personnel. On that date Pullman terminated its service on Central, which then took over operation of the sleeping cars on its lines and hired the plaintiffs as porters and attendants.

The plaintiffs allege that prior to July 1, 1958, Central had a collective bargaining agreement with Local 370, Hotel & Restaurant Employees and Bartenders International Union (Local 370) which covered all the "dining car and food service employees" on the Central system; that on July 1, 1958, Central recognized the plaintiffs as being in the craft and class represented by Local 370, and that Local 370 thereupon became the bargaining representative for the plaintiffs.

The complaint alleges that subsequent to July 1, 1958, pursuant to a conspiracy between, and illegal conduct by, the Brotherhood and Central, the Brotherhood obtained certification by the National Mediation Board as bargaining representative of the porters and attendants; that the Brotherhood and Central thereupon concluded an agreement which "reduced substantially the rights and benefits which had accrued to the plaintiffs and others similarly situated under the collective bargaining agreement formerly covering them which was between the defendant, Central, and Local 370"; that the Brotherhood failed to consult with individual members of the unit respecting the proposed terms and conditions of the agreement; that "by entering into the said agreement" the Brotherhood "breached its fiduciary obligations as col-

---

1. The title to the action also names as defendants A. Phillip Randolph, President, and Ashley L. Totten, Secretary-Treasurer, of the Brotherhood. However, the complaint does not refer to them as defendants, alleges no wrongdoing by them individually, and seeks no relief against them. Nor does it appear that either has been served, although Totten apparently accepted service upon the Brotherhood.

lective bargaining agent to plaintiffs and others similarly situated"; that the Brotherhood "in failing to obtain authorization from, or to consult with" the members of the unit, and in failing to submit the proposed terms for ratification by the membership, "breached an obligation owed to plaintiffs and other members of the unit"; and that in adopting the agreement the Brotherhood "acted contrary to the interests of the members of the unit for whom the said Brotherhood was purporting to act as collective bargaining agent."

Accordingly, the plaintiffs pray for the following relief: (1) an injunction restraining both defendants from enforcing the provisions of the bargaining agreement by which the plaintiffs assert they are deprived of property rights formerly held by virtue of the agreement between Central and Local 370; (2) an injunction restraining the Brotherhood from acting as collective bargaining agent for the plaintiffs "so long as such discriminatory acts continue, and so long as defendant, Brotherhood, refuses to give notice and provide the opportunity for hearings with respect to proposals affecting the interests of plaintiffs and others similarly situated"; (3) a declaration that the Brotherhood is "under an obligation to represent fairly and without discrimination all members of the bargaining unit"; and (4) damages against both defendants "by reason of their wrongful conduct."

■ The Brotherhood and Central depict this action as an attack upon the certification of the Brotherhood by the National Mediation Board, and they argue that the Court is without jurisdiction to entertain such an attack. It is clear that certification of a bargaining representative by the Board is not subject to judicial review even in a suit to which the Board is a party. Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L. Ed. 61. This is no less true where the attack is based upon allegations that "the election was a fraud, that illegal ballots had been accepted by the repre-

sentative of the Board and that brutality and coercion had been practised by the opposing union and encouraged and connived at by officials of the Railroad." United Transport Service Employees of America v. National Mediation Board, 79 U.S.App.D.C. 15, 141 F.2d 724. Nor can decertification be obtained indirectly in a suit to which the Board is not a party. Order of Railway Conductors of America v. Pennsylvania R. R., 323 U.S. 166, 65 S.Ct. 222, 89 L.Ed. 154.

■ However, the relief sought in this action would not affect the Brotherhood's status as representative but would be directed instead to its conduct as such agent. The allegations in the complaint respecting a "conspiracy" to obtain certification by the Board and charging "illegal conduct" in obtaining it are in no way material to any part of the relief sought and are improper.

■ The plaintiffs argue that this complaint presents a federal claim under the Railway Labor Act arising out of "hostile discrimination" within the doctrine of such cases as Steele v. Louisville & N. R. R., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173; Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; and Ferro v. Railway Express Agency, 2 Cir., 296 F. 2d 847. The prayer for relief refers to "discriminatory acts" and the Brotherhood's duty to represent all members of the bargaining unit "without discrimination." But the complaint contains no allegation of discrimination, nor any allegation which, on its face, fairly suggests the favoring of one identifiable individual or group within the union over another. For all that appears in the complaint the plaintiffs do not purport to represent a class within a larger group, but allege that they represent the entire class of porters and attendants. There is no charge that some members of the unit were treated differently from any others. The charge is that all members were treated less well under this agreement than they had been under an earlier agreement negotiated by another union.

■ Nothing is added to the claim by the allegations that the Brotherhood fail-

ed to consult its individual members or to submit the proposals for ratification, for there is no such duty. McMullans v. Kansas, O. & G. Ry., 10 Cir., 229 F.2d 50, cert. denied, 351 U.S. 918, 76 S.Ct. 710, 100 L.Ed. 1450; (Railway Labor Act); Cleveland Orchestra Comm. v. Cleveland Fed'n of Musicians, 6 Cir., 303 F.2d 229 (Labor-Management Reporting and Disclosure Act); Ricks v. Norfolk & W. Ry., D.C., 184 F.Supp. 119 (Railway Labor Act).

■■ Since the complaint fails to allege discrimination by the Brotherhood, it likewise fails to allege cooperation in any such discrimination by Central. See Ferro v. Railway Express Agency, supra, 296 F.2d at 851. Nor does the Labor-Management Reporting and Disclosure Act give jurisdiction to the courts over a suit by union members against their employer where the union members allege that the employer was a co-conspirator with the union to violate rights protected under the Act. Rinker v. Local Union No. 24, of Amalgamated Lithographers, D.C., 201 F.Supp. 204.

The motions to dismiss are granted, but with leave to file an amended complaint within thirty days.

So ordered.