**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Plaintiff,**

v.

**NATIONAL MEDIATION BOARD, and Leverett Edwards, Howard G. Gamser, and Francis A. O'Neill, Jr., Individually and As Chairman and Members of and Constituting the National Mediation Board, Defendants;**

**National Airlines, Inc., Intervenor.**

**Civ. A. No. 466–69.**

United States District Court, District of Columbia.

Aug. 7, 1969.

Bernard Dunau, Plato E. Papps, Washington, D. C., for International Assn. of Machinists.

William D. Ruckelshaus, Harland F. Leathers, Stephen M. Truitt, Attys., Dept. of Justice, for National Mediation Board.

Julius Schlezinger, Washington, D. C., for National Airlines.

## MEMORANDUM OPINION

GESELL, District Judge.

Plaintiff is involved in a labor dispute with National Airlines which the National Mediation Board, under authority of the Railway Labor Act, has been attempting to mediate. The Union brings this action asking the Court to declare the efforts of the Board to bring about an amicable settlement through mediation unsuccessful and to issue an injunction directing the Board, pursuant to the statutory mandate, to endeavor to induce arbitration by the parties. 45 U.S.C.A. § 155. National Airlines has been permitted to intervene.

The Union directed written interrogatories to the Board asking, among other things, the basis on which the Board believed efforts to mediate might still be successful. The Board objected to these interrogatories and both parties filed cross-motions for summary judgment. The Court directed that partial responses be filed to the interrogatories and action on the motions was deferred pending the Board's reply. The matter is now before the Court on various affidavits filed by the parties and by National Airlines.

 This Court has jurisdiction to inquire into the reasons, if any, why the Board refuses to discontinue its mediation efforts and to take steps to induce arbitration. While the Court cannot substitute its judgment for the Board's, it must of necessity inquire into the merits of the controversy in order to determine whether there has been a clear violation of the statute by reason of the Board's alleged arbitrary refusal to act.

A clear and recent statement of the jurisdictional principles which guide the Court in this matter is found in National Mediation Board v. Brotherhood of Railway, Airline and Steamship Clerks, 131 U.S.App.D.C. 55, 402 F.2d 196 (1968), cert. denied, 393 U.S. 848, 89 S.Ct. 135, 21 L.Ed.2d 119 (1968). Judge Leventhal, writing for the majority, stated:

The narrow exceptions to the "jurisdictional" bar created by Leedom v. Kyne [358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958)] and similar cases must be instances of constitutional dimension or gross violation of the statute. The exception inevitably eliminates any strict concept of lack of jurisdiction, since it permits a peek at the merits. The reconciliation of doctrine lies not in concepts but in practicalities. The retention of the doctrine negativing jurisdiction to consider the merits serves to confine the assertion of jurisdiction to cases where the error on the merits is as obvious on the face of the papers as the violation of specific statutory language * * *. 402 F.2d at 205.

See also Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961); American Air Export & Import Co. v. O'Neill, 95 U.S.App.D.C. 274, 221 F.2d 829 (1954); Air Line Dispatchers Ass'n v. National Mediation Board, 89 U.S.App. D.C. 24, 189 F.2d 685 (1951).

Section 10 of the Administrative Procedure Act, 5 U.S.C.A. §§ 701–06, also appears to contemplate judicial intervention in cases such as this. The scope of review and potential relief under the APA includes "compel[ling] agency action unlawfully withheld or unreasonably delayed," 5 U.S.C.A. § 706(1), and "hold[ing] unlawful and set[ting] aside agency action * * * found to be * * * arbitrary, capricious [or] an abuse of discretion." 5 U.S.C.A. § 706 (2) (A).

 The Court is very much aware that the Board is involved in a subtle, delicate process whenever its mediation services are invoked. Congress recognized that common carriers perform vital public services. It demonstrated its preference for negotiated settlements by establishing, through the Railway Labor Act, a series of steps which must be taken before there may be a strike. The Court also recognizes that time is often a great healer and that no matter how bitter controversies may be, the avail-

ability of a mediator may ultimately resolve what appear superficially to be sharp and irreconcilable disputes. Thus, it is only where arbitrary action is patent that the Court will direct the Board to act. This case is one where judicial intervention is warranted for the reasons that will be stated.

■ We do not have a situation where the Union has refused to mediate. Since March, when the mediator was appointed, there have been 48 mediation sessions involving some 179 hours of talk. In spite of this, some 97 issues remain unresolved. Over recent weeks, progress has been inconsequential as the positions of the parties have hardened. Under these circumstances, it is entirely appropriate for the Union to challenge the Board's unwillingness to abandon mediation.

The Board, on the other hand, not only refused to supply the information requested in the interrogatories but also continued to resist after the Court ordered that answers to the interrogatories. be filed. This resistance continued even when the Court afforded some relief by advising the Board that it need not disclose confidential information which would substantially interfere with the mediation effort. Affidavits purporting to respond to the interrogatories were evasive, incomplete and non-responsive. When the matter came on for further hearing, the Court requested the presence of the Board's chairman. The Court then undertook to inquire of him directly the Board's reasons for believing that mediation might still be successful. Counsel for the United States objected to the Court pursuing this inquiry and the chairman of the Board refused to answer. Thus the Court's careful and persistent attempt to make the type of limited inquiry sanctioned by the cases previously cited was thwarted.

■ Here, then, is the type of case so familiar in this jurisdiction where an agency of the United States Government, accused of acting arbitrarily and capriciously, persists in seeking to avoid judicial scrutiny of its conduct. The Board has enormous power. Absent judicial intervention, the Board can effectively prevent any further steps toward resolution, including the Union's use of its right to strike, by simply claiming it is mediating successfully. See Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co., 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969). Where mediation is proceeding and results are productive, the process obviously should continue. But the Board has no authority in law to abuse its power, thus forcing continued delay and preventing resolution of an important significant labor controversy. When the Board is responsibly accused of having abused its powers, it must answer to the Court or take the consequences. It cannot invoke immunity from judicial scrutiny on the ground that it and it alone knows what is best under the circumstances.

■ The Union's affidavits establish arbitrary action by the Board. The duty rested upon the Board to justify its conduct. The Board has refused to do so and has evaded responding to the Court's orders. Because of its refusal to respond appropriately to the interrogatories, all responses made by the Board will be stricken under Rule 37(b) (2) (i) of the Federal Rules of Civil Procedure. Standing alone, plaintiff's showing suffices to warrant granting its prayer for summary judgment. The Board is directed to discontinue any efforts to bring about an amicable settlement of this controversy by mediation and is further directed to endeavor to induce arbitration by the parties.

■ Counsel for the Board suggests that the Court is without authority to resolve the matter in this fashion by reason of Rule 55(e) of the Federal Rules barring default judgments against the Government. Rule 55(e) does not relieve the Government from its obligations and Rule 37 may be given full force and effect. Reynolds v. United States, 192 F.2d 987 (3rd Cir. 1951); see 6 Moore's Federal Practice ¶ 55.12.

The Board also seeks to rely on information presented in affidavits filed by National Airlines in which the Airline indicates that progress was made in the mediation sessions and that it is hopeful of complete resolution through arbitration. The views of National Airlines as to the prospects of mediation are of little significance for it is the Board that must determine these prospects. Since the Board refuses to give any indication of the reasons why it expects mediation to be productive, the Court can only conclude that mediation will not be productive. Since the Board is unwilling to permit the Court to inquire into the Board's processes, the Board must take the consequences of its intransigence.

Counsel will submit an appropriate order.