**RADIO OFFICERS' UNION, C. T. U.—A. F. of L. v. NATIONAL MEDIATION BOARD.**

**No. 10197.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 10, 1949.

Decided April 10, 1950.

Mr. Frank Bloom, Washington, D. C., submitted on the brief, for appellant.

Mr. William D. McFarlane, Special Assistant to the Attorney General, submitted on the brief, with whom Assistant Attorney General Herbert A. Bergson, Messrs. Edward Dumbauld, Special Assistant to the Attorney General, and George Morris Fay, United States Attorney, Washington, D. C., were on the brief, for appellee.

Before CLARK and PROCTOR, Circuit Judges, and MORRIS, District Judge, sitting by designation.

1. 45 U.S.C.A. § 152.

CLARK, Circuit Judge.

Appellant union invoked the services of the appellee, National Mediation Board, to determine a dispute concerning the bargaining representative of a certain craft or class of employees employed by the Pan American Airways, Inc., pursuant to the provision of the Railway Labor Act, sec. 2, fourth,[1] which provides that the majority of such craft or class shall have the right to determine who shall be their representative, and sec. 2, ninth[2] which provides that where a dispute arises among the employees as to who their representatives shall be it is the duty of the appellee Board, on the request of either party, to investigate and certify the name of the representative which has been designated and authorized to be such representative. The Board is given the power to conduct elections.

The Board took jurisdiction over the dispute in question and conducted an election wherein, out of 183 employees eligible to vote, only 86 did so. 17 of these ballots were void. The remaining 69 were in favor of the appellant. Whereupon the appellee indicated its intention to dismiss the appellant's application for certification in accordance with a Board policy of many years standing to decline to certify a representative where less than a majority of the eligible voters participated by casting valid ballots. However, due to the fact that this practice was challenged in this and three other pending cases, the Board requested an opinion of the Attorney General. The Attorney General opined that the Board had *the power* to certify a representative which receives a majority of the votes cast despite the fact that less than a majority of those eligible voted. But, he went on to say, though the Board has the power, it need not exercise it automatically. *It is a discretionary function.* On the strength of this opinion and the investigation, the Board refused certification to the appellant dismissing its application. The appellant, thereupon, instituted this action on the ground that the Board's action was arbitrary, capricious, contrary to law and

2. Id.

violative of rights guaranteed by the terms of the Act, praying that the order of dismissal be set aside and that the appellee be directed to certify the appellant. The court below, however, granted appellee's motion to dismiss, and, from the order granting that motion, this appeal is taken.

We find no error in that court's order. The right of representation for the majority was created by Congress under this Act. Congress, however, also decided, as it had the power to do, upon the method for the protection of this right which it had created. The method provided was the administrative determination by the Board, and when the administrative finding is made the dispute has reached its last terminal point.[3] Congress chose not to confer any judicial remedies in a case such as this.[4] The duty of the Board is one of investigation and certification of the designated and authorized representative whenever, in the case of a dispute, one of the parties thereto so requests. The question of whether or not a given claimant is the designated representative must be based on investigation, and in the matter of investigation the Board's actions are purely discretionary.

Affirmed.

3. Switchmen's Union of North America v. National Mediation Board, 1943, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61.

4. General Committee of Adjustment of Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. R. Co., 1943, 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76.