Ernest F. **DECKER** et al., Appellants,

v.

**Linea Aeropostal VENEZOLANA,** International Association of Machinists, and Leverett Edwards, et al., Individually and as Members of the National Mediation Board, Appellees.

No. 14295.

United States Court of Appeals District of Columbia Circuit.

Argued May 23, 1958.

Decided June 26, 1958.

Mr. Jo V. Morgan, Jr., Washington, D.C., with whom Mr. Hubert A. Schneider, Washington, D. C., was on the brief, for appellant.

Mr. William G. Mahoney, Washington, D. C., with whom Mr. Edward J. Hickey, Jr., Washington, D. C., was on the brief, for appellee International Association of Machinists.

Mr. Ernest L. Folk, III, Attorney, Department of Justice, of the bar of the Supreme Court of Virginia, pro hac vice, by special leave of Court, with whom Messrs. Oliver Gasch, U. S. Atty., and Daniel M. Friedman, Atty., Department of Justice, were on the brief for appellees Leverett Edwards, et al. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellees Leverett Edwards, et al.

Mr. Morris Miller, Washington, D. C., entered an appearance for appellee Linea Aeropostal Venezolana.

Before WILBUR K. MILLER and WASHINGTON, Circuit Judges, and LARAMORE, Judge, United States Court of Claims.*

PER CURIAM.

This is an appeal from dismissal of a complaint. Appellants, four mechanics employed in this country by Linea Aeropostal Venezolana (LAV), sought in the

* Sitting by designation pursuant to the provisions of Section 291(a), Title 28 U.S.Code.

District Court a judicial declaration that (1) a representation election conducted by the National Mediation Board, and the Board's ensuing certification, were invalid; and (2) that the Railway Labor Act, as amended, 45 U.S.C.A. § 151 et seq., (1952), was inapplicable to LAV. Appellants sought further to enjoin LAV and the International Association of Machinists (IAM)—the union certified by the Board to represent LAV's mechanics—from bargaining on behalf of either the appellants or the appellants and others similarly situated. The members of the Board were made parties to the action.

 Insofar as the complaint seeks a declaration that the Act is inapplicable to LAV, a Venezuelan carrier, our decision in Rutas Aereas Nacionales v. Edwards, 1957, 100 U.S.App.D.C. 336, 244 F.2d 784, is controlling against appellants' contention. Dismissal by the District Court on this issue was clearly proper.

 This case also presents the issue whether the prohibition against judicial review in Switchmen's Union of North America v. National Mediation Board, 1943, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61, applies when—as is alleged here and accepted as true for the purposes of this appeal—an individual employee has been deprived of his right to vote in a Board-administered election held for the purpose of selecting a bargaining representative, and sues to challenge the resulting certification. The amended complaint alleged that the Board held a representation election among LAV's airline mechanics on petition of appellee IAM. The Board found that there were 93 eligible voters, not including appellants. Appellants alleged that they were "in all re-

spects eligible to vote in said election under the said Railway Labor Act, as amended, and the rules and regulations of said Board, although given no opportunity to do so." Appellants alleged further that under Board practice, the Board will not certify a representative unless a majority of those eligible cast valid ballots. In this election, it was alleged, only 48 valid ballots were cast, with 30 ballots, a majority of the valid ballots, in favor of IAM. Thus, appellants continue, since appellants were eligible voters, the number of voters was 97, and there were not, under Board practice, a sufficient number of valid ballots cast to support a certification. Cf. Radio Officers' Union, C.T.U.-A.F. of L. v. National Mediation Board, 1950, 86 U.S. App.D.C. 319, 181 F.2d 801.

 We hold that the prohibition of the Switchmen's case applies in the circumstances of this case. See Brotherhood of Railway & Steamship Clerks, etc. v. United Transport Service Employees, 78 U.S.App.D.C. 125, 137 F.2d 817, reversed per curiam 1943, 320 U.S. 715, 64 S.Ct. 260, 88 L.Ed. 420, on the authority of Switchmen's Union of North America v. National Mediation Board, supra; United Transport Service Employees of America v. National Mediation Board, 1944, 79 U.S.App.D.C. 15, 141 F.2d 724; National Federation of Railway Workers v. National Mediation Board, 1944, 79 U.S.App.D.C. 16, 141 F.2d 725. Cf. Radio Officers' Union C.T.U.-A.F. of L. v. National Mediation Board, supra; Air Line Dispatchers Ass'n v. National Mediation Board, 89 U.S.App.D.C. 24, 189 F.2d 685, certiorari denied 1951, 342 U.S. 849, 72 S.Ct. 77, 96 L.Ed. 641.

Affirmed.