AIR LINE STEWARDS AND STEWARD-
ESSES ASSOCIATION, INTERNA-
TIONAL, a Labor Organization, Appel-
lant,

v.

NATIONAL MEDIATION BOARD et al.,
Appellees.

No. 16340.

United States Court of Appeals
District of Columbia Circuit.

Argued June 16, 1961.

Decided July 13, 1961.

Petition for Rehearing En Banc
Denied Sept. 20, 1961.

Mr. Joseph L. Rauh, Jr., Washington, D. C., with whom Mr. Mitchell J. Cooper, Washington, D. C., was on the brief, for appellant.

Mr. Morton Hollander, Atty., Dept. of Justice, with whom Mr. William H. Orrick, Jr., Asst. Atty. Gen., and Mr. David C. Acheson, U. S. Atty., were on the brief, for appellees National Mediation Board and others. Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., also entered an appearance for appellees, National Mediation Board and others.

Mr. Stuart Bernstein, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Messrs. Robert L. Stern, Chicago, Ill., and James Francis Reilly, Washington, D. C., were on the brief, for appellee United Air Lines, Inc.

Mr. Robert Plotkin, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Mr. Stephen I. Schlossberg, Washington, D. C., was on the brief, for appellee, Air Line Pilots Ass'n, International.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

This case is similar in many respects to UNA Chapter, Flight Engineers' International Association v. National Mediation Board, 1961, 111 U.S. App.D.C. ——, 294 F.2d 905. This, too, is a suit against the National Mediation Board and its members to set aside a determination in a representation case. Here, the Board recognized the stewards and stewardesses of United Airlines as a craft or class. It made a like ruling as to similar employees of Braniff Airlines. Each group voted in elections in which no other group participated. What is

complained of is that the Board allowed the Air Line Pilots Association (ALPA) to appear on the ballot. It won both elections. The plaintiff-appellant, the Air Line Stewards and Stewardesses Association, brought suit in the District Court, alleging that pilots perform some supervisory and managerial functions in regard to stewards and stewardesses, and hence that their union is ineligible to represent the persons whom they supervise. The short answer is that the Railway Labor Act, 45 U.S.C.A. § 151 et seq., does not forbid this, expressly or by implication.[1] The District Court rightly dismissed the suit for lack of jurisdiction under Switchmen's Union of North America v. National Mediation Board, 1943, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61. Appellant's reliance on Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, is misplaced, for the reasons given in our opinion in Flight Engineers.

Nor is any constitutional question presented. The Mediation Board—as distinguished from committees appointed by it—is not required to give a hearing to a protesting union. See Switchmen's Union v. National Mediation Board, supra at page 304 of 320 U.S., at page 98 of 64 S.Ct. Appellant's argument to the contrary is untenable. The complaint contains allegations that United and Braniff coerced the stewards and stewardesses into voting for ALPA. These allegations seem purely conclusory, and based largely if not wholly on the argument that pilots are part of management. This sort of claim does not create jurisdiction in the District Court to set aside the Board's determination. See 2 Moore, Federal Practice para. 12.08, at 2244–45 (2d ed. 1960). If appellant's charge of coercion has any substance, appellant can apply for the institution of a criminal prosecution. See Railway Labor Act, Section 2, Tenth, 45 U.S.C.A. § 152.

Affirmed.

1. If in fact ALPA's representation proves inadequate or discriminatory, persons aggrieved will not lack remedy. Cf. Steele v. Louisville & N. R. Co., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173.