Jimmy P. DROGGOS et al., Plaintiffs,

v.

NATIONAL MEDIATION BOARD et al., Defendants.

Civ. No. C 63-579.

United States District Court
N. D. Ohio, E. D.

Sept. 12, 1963.

John F. Buchman III, Canton, Ohio, for plaintiffs.

John J. Cowan, Dept. of Justice, Washington, D.C., for defendants.

JONES, District Judge.

This action arises under the Railway Labor Act, 45 U.S.C.A. § 151 et seq. The plaintiffs are employees of Lake Central Airlines, Inc. The services of the National Mediation Board were invoked under the provisions of Section 2, ninth, of the Act to investigate a representation dispute among the group of employees of Lake Central Airlines, Inc. described as the "clerical, office, fleet and passenger service employees". The Board has proceeded with an election to ascertain whether an individual or organization should be certified as the bargaining representative of these employees.

Under the rules and regulations of the Board, an election is considered valid if a majority of the eligible voters in the craft or class participating in the election cast valid ballots. A ballot is considered valid by the Board only if cast for a representative. A ballot upon which is written "No Union" or which is returned blank is considered void. The majority of the valid ballots cast is deemed sufficient to elect a representative.

Upon the filing of the complaint, a temporary restraining order, without notice, was granted restraining the Board from proceeding further with the election. The defendants have filed an answer to the order to show cause why a preliminary injunction should not be granted. Briefs have been filed, and an oral hearing was held to show cause why a preliminary injunction should not be granted restraining the Board from proceeding further with the election and requiring the Board to hold, without counting, any ballots returned to the Board in connection with the election, the form of which does not permit an eligible employee to cast a valid ballot against representation.

The fundamental issue presented by the action is whether, under the facts of this case, this court has jurisdiction to

restrain the Board from proceeding with this election.

In an investigation of a representation dispute, Section 2, ninth, of the Act authorizes the Mediation Board "to take a secret ballot of the employees involved, or to utilize any other appropriate method of ascertaining the names of their duly designated and authorized representatives". The Board is also empowered to designate who may participate in the election, and establish the rules to govern the election.

The courts have held that it is beyond their jurisdiction to review the questions of whether the Board must hold an election, Brotherhood of Railway & Steamship Clerks etc. v. Virginian Railway Co., 4 Cir., 125 F.2d 853 (1952); whether the Board has denied employees their right to vote, Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943); and whether the Board can refuse to certify the winner of an election because of an insufficient number of eligible voters participating in the election, Decker v. Linea Aeropostal Venezolana, 103 U.S.App.D.C. 301, 258 F.2d 153 (1958).

In Rose v. Brotherhood of Railway and Steamship Clerks, 4 Cir., 181 F.2d 944 (1950), the employees complained because the secret ballots did not afford the employees an opportunity to vote against a bargaining representative. The Court of Appeals, in affirming the decision of the District Court that the Court was without jurisdiction to act, said:

> "In the light of the decisions of the Supreme Court, there can be no doubt that the effect of this statute was to vest in the Mediation Board exclusive jurisdiction over the certification of bargaining agents, the determination of bargaining units

and the classification of employees for the purposes of bargaining. And it is equally clear that the exercise of discretion by the board with respect to such matters is not subject to review by the courts."

I find that the Board has not acted in excess of its delegated powers and contrary to a statutory provision which is "clear and mandatory". Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

Despite a contrary holding in Association for the Benefit of Non-contract Employees v. National Mediation Board, 218 F.Supp. 114, D.C., (1963), it is my view that no constitutional right, nor any fundamental right has been denied to the plaintiffs. I find that the Board, in selecting the form of ballot, was exercising the discretion committed to it by the statute to establish the rules to govern the election. This discretionary action is not reviewable under Switchmen's Union of North America v. National Mediation Board, supra, General Committee of Adjustment of Brotherhood of Locomotive Engineers etc. v. Missouri-Kansas-Texas Railroad Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76 (1943), and Rose v. Brotherhood of Railway and Steamship Clerks, supra. The statute contemplated affirmative action by the Board rather than negative action which would be against representation. If the Board used a method of obtaining the choice or desires of the employees concerned which bore a reasonable relation to the discretionary power vested in it, I think the court is not authorized to interfere.

Therefore, it is hereby ordered that plaintiffs' prayer for a preliminary injunction is denied and the temporary restraining order now in effect is dissolved. I will not restore the injunction during the pendency of appeal.