330 F.2d 853
 UNITED AIR LINES, INC., Appellant,
v.
NATIONAL MEDIATION BOARD et al., Appellees.
NATIONAL MEDIATION BOARD et al., Appellants,
v.
ASSOCIATION FOR the BENEFIT OF NON-CONTRACT EMPLOYEES, Appellee.
BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYES, Appellant,
v.
ASSOCIATION FOR the BENEFIT OF NON-CONTRACT EMPLOYEES, Appellee.
 No. 17777.
 No. 18068.
 No. 18072.
 United States Court of Appeals District of Columbia Circuit.
 Argued February 13, 1964.
 Decided March 12, 1964.
 Petition for Rehearing in No. 17777 Denied April 14, 1964.
 
 Mr. Stuart Bernstein, Chicago, Ill., with whom Mr. James Francis Reilly, Washington, D. C., was on the brief, for appellant in No. 17777.
 Mr. Milton Kramer, Washington, D. C., with whom Mr. James L. Highsaw, Jr., Washington, D. C., was on the brief, for appellant in No. 18,072.
 Mr. Howard E. Shapiro, Atty., Dept. of Justice, with whom Asst. Atty. Gen. John W. Douglas, Messrs. David C. Acheson, U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, were on the brief, for appellees in No. 17,777 and for appellants in No. 18,068.
 Mr. Alex L. Arguello, San Francisco, Cal., of the bar of the Supreme Court of California, pro hac vice, by special leave of court, with whom Mr. Jerome C. Muys, Washington, D. C., was on the brief, for appellee in No. 18,068 and No. 18,072. Mr. David Booth Beers, Washington, D. C., also entered an appearance for appellee in No. 18,068 and No. 18,072.
 Mr. John E. Stephen, Washington, D. C., filed a brief on behalf of Air Transport Association of America, as amicus curiae, urging reversal in No. 17,777.
 Mr. William G. Mahoney, Washington, D. C., filed a brief on behalf of Railway Labor Executives' Association, as amicus curiae, urging affirmance in No. 17,777.
 Before WILBUR K. MILLER, BASTIAN and WRIGHT, Circuit Judges.
 PER CURIAM.
 
 
 1
 These three appeals have been consolidated by this court. In our view Nos. 18,068 and 18,072 should be disposed of first, although they are later in their numbering.
 
 
 2
 In No. 18,068, the National Mediation Board appeals from an order issued by the District Court which, among other things, restrains the Board from conducting a representation election.
 
 
 3
 In No. 18,072, the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employes appeals from the same order.
 
 The order appealed from is as follows:
 
 4
 "* * * ORDERED That the Board is hereby permanently enjoined from conducting any election among the `Clerical, Office, Stores, Fleet and Passenger Service employees' of United Air Lines, Inc., in which the form of the ballot does not permit a voting employee to cast a vote against collective bargaining representation, and it is
 
 
 5
 "FURTHER ORDERED That the plaintiff's request that the Board shall conduct a hearing relating to the question of the appropriateness of class or craft of employees among whom the election was to be held, at which hearing the plaintiff could be heard as a party in interest, shall be and the same is hereby remanded to the Board for further consideration in the light of the Court's conclusion that the Railway Labor Act, 45 U.S.C. § 151 et seq. gives employees a right to have a ballot on which they may express a preference for no collective bargaining representation."
 
 
 6
 The opinion of Judge Youngdahl, of the District Court, is found in D.C.D.C., 218 F.Supp. 114 (1963) and is adopted by us as the opinion of this court. It follows that the judgment of the District Court in these cases must be affirmed.
 
 
 7
 In No. 17,777, United Air Lines, Inc. appeals from the dismissal by the District Court of its action filed to enjoin the election proposed by the National Mediation Board. The grounds for dismissal of the action are not stated in the court's order but, as one of the grounds urged was lack of standing on the part of United Air Lines, we assume it was on this ground that the suit was dismissed. The close question as to United's standing, about which there is a dearth of authority, causes us concern. We have decided, however, not to disturb the District Court's dismissal, because our decision in the other two cases affords the relief concerning the form of the ballot which United sought.
 
 
 8
 No. 18,068 is affirmed.
 No. 18,072 is affirmed.
 No. 17,777 is affirmed.
 
 
 9
 WRIGHT, Circuit Judge (concurring in part and dissenting in part).
 
 
 10
 In No. 17,777 of this consolidated litigation, United Air Lines appeals from the District Court's refusal to enjoin the National Mediation Board from conducting a representation election under Section 2, Ninth, of the Railway Labor Act. 48 Stat. 1188, 45 U.S.C. § 152, Ninth. In Nos. 18,068 and 18,072, the National Mediation Board and the Brotherhood of Railway and Steamship Clerks appeal from the granting of an injunction against the Board, by the same court through a different judge, restraining it from conducting the same election which is the subject of the United Air Lines suit. The second injunction action was brought[1] by certain employees of United Air Lines who claim to want to represent themselves individually in their labor negotiations with their employer. I agree with the court that in No. 17,777 the United Air Lines injunction proceeding was properly dismissed by the District Court. I respectfully dissent from its affirmance in Nos. 18,068 and 18,072 upholding the issuance of the injunction against the National Mediation Board.
 
 
 11
 Since the United Air Lines suit and the action brought by some of its employees appear to have a common inspiration as well as common issues, I shall treat them together. Both United and its appellee employees, here called ABNE,[2] urge two grounds for enjoining the Board from performing its duty under the Act: (1) The Board improperly determined the bargaining unit craft or class to be "clerical, office, stores, fleet and passenger service employees"; and (2) the Board proposes to use in the election a form of ballot which does not provide a space for the employee to vote against representation.
 
 
 12
 The craft or class recognized by the Board as the proper bargaining unit for the proposed election is the same as that recognized in its 1947 proceeding. Case No. R-1706, Determinations of Craft or Class of the National Mediation Board (1947). There has been no change in the classification since that time. After considering the representations by United as to the need for change, the Board determined that it would follow its prior ruling. Thus United and ABNE would have the court reweigh these class considerations and substitute its judgment for the Board's.
 
 
 13
 With reference to the form of ballot, space is provided to vote for either of the competing unions.[3] A third blank space is indicated for voting for a representative not named on the ballot. That same blank space may be used for voting for "no union" or "no representation." Section 2, Fourth,[4] of the Railway Labor Act provides, in part: "The majority of any craft or class of employees shall have the right to determine who shall be the representative of the craft or class for the purposes of this Act." Thus, if a majority of the craft or class actually votes for representation, a representative may be selected. If a majority fails to vote, the Board may not certify a representative. Radio Officers' Union, C.T.U.-A. F. of L. v. National Mediation Board, 86 U.S.App.D.C. 319, 181 F.2d 801 (1950). In addition, the admitted practice of the Board is to add the number voting "no union" to the number not voting in determining whether a majority of the employees eligible to vote actually voted for representation.
 
 
 14
 The District Court's action enjoining the Board from conducting the election here is in the teeth of a host of cases from the Supreme Court, from this court, and from the Circuit Courts around the country. In the interest of economy, I shall simply list seriatim the reasons why this injunction should not have been issued and briefly comment on each.
 
 
 15
 1. The District Court was without jurisdiction to enjoin the National Mediation Board from conducting an election to resolve the representation dispute at United Air Lines. Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943). In upholding the action of the Board against union attack, the Court in Switchmen's Union said, "* * * if Congress had desired to implicate the federal judiciary and to place on the federal courts the burden of having the final say on any aspect of the problem, it would have made its desire plain." 320 U.S. at 303, 64 S.Ct. at 98, 88 L.Ed. 61. (Emphasis added.) Unlike the National Labor Relations Act,[5] the Railway Labor Act has no provision for judicial review. Switchmen's Union was reinforced by three other cases[6] handed down by the Supreme Court at the same term, and the force of these decisions has continued, unmodified by Congress, down to the present day.[7]
 
 
 16
 2. The ballot which the District Court has ordered changed before an election can be conducted has been used by the Board and its predecessor, the Railway Labor Board, since 1921 in over 3,400 elections. In the 43 years since 1921, Congress has not indicated the slightest disapproval of the Board's election machinery — including its ballot. Moreover, no court except the District Court here, in the ABNE case but not in the United case,[8] has found this ballot unlawful.[9] And this court has approved its use as a proper exercise of the Board's discretion within the intendment of the Act. Decker v. Linea Aeropostal Venezolana, supra Note 7 (see briefs).[10]
 
 
 17
 3. The Board's craft or class determination is unreviewable. This court has so held in at least four cases, one at the last term of court. WES Chapter, Flight Eng. Int. Ass'n, A.F.L.-C.I.O. v. National Mediation Bd., supra Note 7; Air Line Stewards & Stewardesses Ass'n, Intern. v. National Mediation Board, supra Note 7; UNA Chapter, Flight Eng. I. Ass'n, A.F.L.-C.I.O. v. National Mediation Bd., supra Note 7; Radio Officers' Union, C.T. U.-A. F. of L. v. National Mediation Board, supra. The Fourth Circuit, in Rose v. Brotherhood of Railway and Steamship Clks., supra Note 7, 181 F.2d at 946, summed it up well:
 
 
 18
 "In the light of the decisions of the Supreme Court, there can be no doubt that the effect of this statute was to vest in the Mediation Board exclusive jurisdiction over the certification of bargaining agents, the determination of bargaining units and the classification of employees for the purposes of bargaining. And it is equally clear that the exercise of discretion by the board with respect to such matters is not subject to review by the courts. * * *" (Emphasis added.)
 
 
 19
 4. United Air Lines lacks standing to challenge the Board's action. The purpose of the Railway Labor Act is to guarantee employees complete freedom to organize — freedom from employer interference. This Act was passed, as the Government asserts, "to put an end to the harmful consequences of * * * individual dealing between large carriers and small employees. [International Ass'n of] Machinists v. Street, 367 U.S. 740, 760 [81 S.Ct. 1784, 6 L.Ed.2d 1141]; Virginian Ry. v. System Federation, 300 U.S. 515, 553 [57 S.Ct. 592, 81 L.Ed. 789]; Texas & N. O. R. Co. v. Brotherhood of Railway and Steamship Clerks, 281 U.S. 548, 570 [50 S.Ct. 427, 74 L.Ed. 1034." United's obligation under the Act is not "to interfere in any way with the organization of its employees." Railway Labor Act, § 2, Fourth. (Emphasis added.) And this obligation includes refraining from filing, or inspiring, litigation designed to block or delay representation elections conducted by the National Mediation Board.
 
 
 20
 5. There is no Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), question here. It is not even suggested that the Board has acted contrary to a plainly and expressly defined statutory duty, nor has the Board here conceded that it has so acted, as in Leedom. This principle has been expounded recently by this court in a series of cases so there should be no doubt about its application. WES Chapter, Flight Eng. Int. Ass'n, A.F.L.-C.I.O. v. National Mediation Bd., supra Note 7; Air Line Stewards & Stewardesses Ass'n, Intern. v. National Mediation Board, supra Note 7; UNA Chapter, Flight Eng. I. Ass'n, A.F.L.-C.I.O. v. National Mediation Bd., supra Note 7. In the UNA case we said (111 U.S.App.D.C. at 124, 294 F.2d at 908):
 
 
 21
 "Appellant urges, however, that jurisdiction exists under the Supreme Court's decision in Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210. We cannot agree. In Leedom the Supreme Court carefully differentiated Switchmen's Union from the case before it, pointing out that the latter did not involve `review' of agency action, but the striking down of action in excess of delegated powers, in flat violation of the controlling statute — there the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq. See 358 U.S. at pages 188-190, 79 S.Ct. at pages 183-184 [3 L.Ed.2d 210]. It should be noted, also, that in Leedom v. Kyne the National Labor Relations Board did not deny that it had contravened its governing statute. See 358 U.S. at page 187, 79 S.Ct. at page 183 [3 L.Ed.2d 210]. No such admission is made here, and appellant has not pointed out any clear statutory limitation expressed by the Railway Labor Act which has been violated by the NMB. * * *" (Emphasis added.)
 
 
 22
 6. There is a demonstrable lack of equity in the application for the injunction against holding the election. ABNE, the no-contract employees' group, claims it represents more than half of the employees eligible to vote in the election. If so, its remedy is to tell its members either not to vote or to vote for no representation. As shown, if its membership complies with these instructions, there will not be a majority voting for representation and, consequently, no representative will be certified. As indicated during oral argument, this was precisely the result of the voting — or not voting — in the representation election held recently at Lake Central Airlines. No irreparable injury is shown, therefore, if the election here is conducted as ordered by the Board.
 
 
 23
 This litigation is a throwback to the early days of the 1900's when federal courts were used to deliver individual workmen unrepresented to the bargaining table of their employer. See, e. g., Adair v. United States, 208 U.S. 161, 28 S.Ct. 277, 52 L.Ed. 436 (1908); Adkins v. Children's Hospital, 261 U.S. 525, 43 S.Ct. 394, 67 L.Ed. 785 (1923). I thought those days were over.
 
 
 24
 I regret my inability to agree with my distinguished brethren in respect to this litigation. Respectfully I dissent from the court's ruling upholding this injunction.
 
 
 
 Notes:
 
 
 [1]
 The employees' action was brought after United Air Lines' application for an injunction was denied
 
 
 [2]
 Association for the Benefit of Non-Contract Employees
 
 
 [3]
 The two competing unions shown on the ballot were the Brotherhood of Railway and Steamship Clerks and the International Association of Machinists
 
 
 [4]
 48 Stat. 1187, 45 U.S.C. § 152, Fourth
 
 
 [5]
 49 Stat. 453, 29 U.S.C. § 159(d)
 
 
 [6]
 General Committee of Adjustment of Brotherhood of Locomotive Engineers for Missouri-K. T. R. R. v. Missouri-Kansas-Texas R. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76 (1943); General Committee of Adjustment of Brotherhood of Locomotive Engineers for Pac. Lines of Southern Pac. Co. v. Southern Pacific Co., 320 U. S. 338, 64 S.Ct. 142, 88 L.Ed. 85 (1943); and Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express and Station Employees, etc. v. United Transport Service Employees, 320 U.S. 715, 64 S.Ct. 260, 88 L.Ed. 420 (1943) (per curiam).
 
 
 [7]
 Order of Railway Conductors of America v. National Mediation Bd., 79 U.S. App.D.C. 1, 141 F.2d 366, cert. dismissed, 323 U.S. 166, 65 S.Ct. 222, 89 L.Ed. 154 (1944); Radio Officers' Union, C.T.U.-A. F. of L. v. National Mediation Board,supra; Rutas Aereas Nacionales, S. A. v. Edwards, 100 U.S.App.D.C. 336, 244 F.2d 784 (1957); Decker v. Linea Aeropostal Venezolana, 103 U.S.App.D.C. 301, 258 F. 2d 153 (1958); Air Line Stewards & Stewardesses Ass'n, Intern. v. National Mediation Board, 111 U.S.App.D.C. 126, 294 F.2d 910 (1961), cert. denied, 369 U.S. 810, 82 S.Ct. 687, 7 L.Ed.2d 611 (1962); UNA Chapter, Flight Eng. I. Ass'n, A. F. L.-C. I. O. v. National Mediation Bd., 111 U.S.App.D.C. 121, 294 F.2d 905 (1961), cert. denied, 368 U.S. 956, 82 S. Ct. 394, 7 L.Ed.2d 388 (1962); WES Chapter, Flight Eng. Int. Ass'n, A. F. L.-C. I. O. v. National Mediation Bd., 114 U.S.App.D.C. 229, 314 F.2d 234 (1962). Among decisions from other courts are Brotherhood of Ry. & S. Clerks, Freight Handlers, Express and Station Employees etc. v. Virginian Ry. Co., 4 Cir., 125 F.2d 853 (1942); Rose v. Brotherhood of Railway and Steamships Clks., 4 Cir., 181 F.2d 944, cert. denied, 340 U.S. 851, 71 S.Ct. 78, 95 L.Ed. 623 (1950); Flight Engineers' Inter. Ass'n, AFL-CIO, EAL Chapter v. Eastern Air Lines, Inc., 2 Cir., 311 F.2d 745, cert. denied, 373 U.S. 924 (1963); Ruby v. American Airlines, Inc., 2 Cir., 323 F.2d 248 (1963), cert. pending.
 
 
 [8]
 The ABNE and United cases were heard by different District Court judges
 
 
 [9]
 Butcf. McNulty v. National Mediation Board, N.D.N.Y., 18 F.Supp. 494 (1936).
 
 
 [10]
 TheDecker case involved the jurisdiction of the District Court to review the action of the Mediation Board. Paragraph 8 of the amended complaint there raised the same issue which is raised here:
 "[Due process was denied] in that the ballot used in the election had no space on it for a vote to the effect that the employee did not want anyone, defendant I.A.M. or anyone else, to represent him."
 That issue was preserved on appeal, in paragraph 1b of the Questions Presented:
 "* * * the right to [due process] was denied by use of a ballot which gave no way to vote against representation by any bargaining agent."
 Affirming the dismissal of the complaint, this court stated, "We hold that the prohibition of the Switchmen's case applies in the circumstances of this case." 103 U.S.App.D.C. at 302, 258 F.2d at 154.