INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL–CIO, Appellant,

v.

NATIONAL MEDIATION
BOARD, et al.

No. 85–5363.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 10, 1986.
Decided March 21, 1986.

Ernest L. Mathews, Jr., with whom Thomas W. Gleason, New York City, was on brief, for appellant.

Edward R. Cohen, Atty., Dept. of Justice, with whom Richard K. Willard, Acting Asst. Atty. Gen., Dept. of Justice, Joseph E. diGenova, U.S. Atty., Robert S. Greenspan, Dept. of Justice and Ronald E. Etters, Gen. Counsel, Nat. Mediation Bd., Washington, D.C., were on brief, for appellee, Nat. Mediation Bd. Anthony J. Steinmeyer and Marleigh Dover, Attys., Dept. of Justice, Washington, D.C., also entered appearances for appellee, Nat. Mediation Bd.

Roy A. Giles, Raleigh, N.C., was on brief, for appellee, North Carolina Ports Ry. Com'n. Dennis P. Myers, Raleigh, N.C., entered an appearance for appellee, North Carolina Ports Authority.

Before MIKVA, GINSBURG and SILBERMAN, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

This is a case in which we confront two lines of decisions that start from the same station but now run on separate tracks. The district court followed the line that does not govern this case and disregarded the one that does. Because both we and the district court are obliged to follow the law of the circuit training most directly on this controversy, we must reverse the district court's judgment and remand the case for further proceedings.

We summarily state the core of the controversy. The State of North Carolina formerly operated under one agency, North Carolina State Ports Authority (SPA), seaport facilities at Wilmington and Morehead City, North Carolina, and terminal railroads connecting the ports with two main trunk line haul railroads. In 1970, based on the railroad operation, the National Mediation Board (NMB or Board) ranked the SPA as a "carrier" within the coverage of the Railway Labor Act (RLA), 45 U.S.C. § 151 et seq., *First;* after an election, the NMB certified the International Longshoremen's Association, AFL–CIO (ILA) as the collective bargaining representative of the SPA's dockmen, warehousemen, and security guards. The SPA and the ILA eventually negotiated two successive collective bargaining agreements, the first running from July 1975 to December 1977, the second, from January 1978 to December 1980.

In 1979, however, the state legislature created a new agency, North Carolina Ports Railway Commission (PRC), to take over and operate the SPA's railroad facilities. The ILA, in August 1980, invoked the services of the NMB to mediate a dispute that arose in contract negotiations with the SPA. The SPA moved to dismiss the ILA's application on the ground that transfer of the SPA's railroad facilities to the PRC divested the SPA of its character as a "carrier" under the RLA. After June-July 1981 hearings, the NMB determined, in June 8, 1982, "Findings Upon Investigation," that the SPA's carrier status had terminated as a consequence of the PRC's takeover and operation of the port railroad facilities. Because the SPA was no longer a carrier, the NMB declared, the ILA's authority to represent SPA employees under the RLA came to an end. The ILA then petitioned for judicial review.

The district court dismissed the ILA's complaint because it believed courts lack jurisdiction to review decisions of the NMB. That court's Memorandum and Order featured several opinions holding that labor board representation orders generally are not reviewable. Appropriately, the district court commenced its analysis with *Switchmen's Union v. NMB*, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943). The district court failed to observe, however, the separate case lines that have run from that terminal. We set out the two tracks as they now appear to be laid.

*Switchmen's Union* held unreviewable NMB certifications of election results be-

tween rival unions, but the Supreme Court's opinion signaled caution: it warned against generalizations about the reviewability of NMB orders. *See* 320 U.S. at 301, 64 S.Ct. at 97. The first track running out from this opinion carries decisions declaring that NMB representation orders are ordinarily unreviewable, except for a closely cabined class. The early cases carried on this line in fact involved not the NMB but the National Labor Relations Board (NLRB). In *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), the Court held that NLRB representation orders are unreviewable save for orders "made in excess of [the NLRB's] powers and contrary to a specific prohibition in the Act." *Id.* at 188, 79 S.Ct. at 184. The Court observed that *Switchmen's Union* had not involved such an order and indeed included language indicating that such orders would be reviewable. *Id.* at 189–91, 79 S.Ct. at 184–85. *See also Boire v. Greyhound Corp.,* 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 894 (1964) (reaffirming *Kyne* ). In *Brotherhood of Railway & Steamship Clerks v. Association for the Benefit of Non-Contract Employees,* 380 U.S. 650, 659–60, 85 S.Ct. 1192, 1197–98, 14 L.Ed.2d 133 (1965) (*ABNCE* ), the Court applied the *Kyne* analysis directly to an order of the NMB; the Court held, however, that the order challenged in *ABNCE* did not fit within the exception.

The most recent major station-stops along this track in our circuit were made in two cases involving the NLRB, *Physicians National House Staff Association v. Fanning,* 642 F.2d 492 (D.C.Cir.1980) (en banc), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981), and *Hartz Mountain Corp. v. Dotson,* 727 F.2d 1308 (D.C. Cir.1984). In both decisions, we stressed the narrowness of the *Kyne* exception. Relying on these recent decisions, the district court correctly determined that the tight *Kyne* exception does not accommodate the facts of this case.

The district court ignored, however, the other track that runs out from *Switchmen's Union.* In *Air Line Dispatchers Association v. NMB,* 189 F.2d 685 (D.C.

Cir.), *cert. denied,* 342 U.S. 849, 72 S.Ct. 77, 96 L.Ed. 641 (1951) (*ALDA* ), this court held reviewable NMB orders concluding that the NMB lacks jurisdiction over particular applications for the Board's mediation services. The *ALDA* court stated that the Supreme Court's decisions holding NMB dispositions unreviewable involved orders "settling a dispute over representation.... The question [in those cases] was not as to the power of the Board to resolve the dispute but whether it had done so in an erroneous manner." *Id.* at 688. The opinion observed that *Switchmen's Union* had reserved the question of the reviewability of NMB orders finding no jurisdiction, and concluded that section 10 of the Administrative Procedure Act, now codified at 5 U.S.C. § 702, authorizes courts to review such jurisdiction-disclaiming orders.

In *American Air Export & Import Co. v. O'Neill,* 221 F.2d 829 (D.C.Cir.1954), this court marked off the area occupied by the *ALDA* exception. The court held unreviewable an NMB decision that the Board did have jurisdiction over a particular application, and distinguished *ALDA* as a case in which the complaint to the court was that the NMB had "refused to exercise the functions assigned to it by the Railway Labor Act," *i.e.,* had disclaimed jurisdiction. *Id.* at 831. Two terse *per curiam* opinions that found similar jurisdiction-asserting orders unreviewable reaffirmed the vitality of both *American Air* and *ALDA. See Rutas Aereas Nacionales, S.A. v. Edwards,* 244 F.2d 784, 785 (D.C.Cir.1957) (direct cite to *American Air* and "compare" cite to *ALDA* ); *Decker v. Linea Aeropostal Venezolana,* 258 F.2d 153, 154 (D.C.Cir. 1958) (direct cite to *Edwards* and "cf." cite to *ALDA* ). In other words, it is the law of this circuit, set by *ALDA* and *American Air,* that federal courts are empowered to review NMB decisions disclaiming Board jurisdiction, but ordinarily may not review NMB decisions asserting Board jurisdiction.

Although we have not spoken on the issue for a number of years, *ALDA* remains in place. All other circuits that have

decided the question—and some have done so quite recently—have relied, directly or indirectly, on *ALDA* in holding NMB jurisdictional orders reviewable. *See Delpro Co. v. Brotherhood Railway Carmen*, 676 F.2d 960, 962 (3d Cir.), *cert. denied*, 459 U.S. 989, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982); *International Longshoremen's Association v. North Carolina Ports Authority*, 463 F.2d 1, 3 (4th Cir.), *cert. denied*, 409 U.S. 982, 93 S.Ct. 318, 34 L.Ed.2d 245 (1972) (*NCPA*); *United States v. Feaster*, 410 F.2d 1354, 1359–64 (5th Cir.), *cert. denied*, 396 U.S. 962, 90 S.Ct. 427, 24 L.Ed.2d 426 (1969); *see also Chicago Truck Drivers v. National Mediation Board*, 670 F.2d 665, 668–69 (7th Cir.1981) (finding NMB order in question not a final agency action, hence unreviewable for that reason, but noting the holding of *NCPA*). Two of these circuits have explicitly held that when the NMB determines, as the Board has in this case, whether a particular employer is a "carrier," the NMB determination qualifies as a reviewable jurisdictional order. *See Delpro*, 676 F.2d at 962; *NCPA*, 463 F.2d at 3.[1]

No opinion of the Supreme Court or of this circuit has repudiated *ALDA*. *Boire, Physicians National,* and *Hartz Mountain* addressed only the scope of the *Kyne* exception; because all three involved the NLRB, the courts had no occasion to apply the *ALDA* exception, which has been confined to NMB cases. *ABNCE* involved NMB orders regarding the form of ballot and the appropriate craft or class for an election—precisely the kind of orders that the *ALDA* opinion both recognized as unreviewable and expressly distinguished from NMB decisions disclaiming jurisdiction, decisions *ALDA* declared reviewable. 189 F.2d at 687–88. The Court therefore had no cause to consider the *ALDA* exception in *ABNCE*.

## SUMMARY AND CONCLUSION

To summarize, it remains the law of this circuit that, upon the timely petition of an aggrieved party, federal courts are empowered to review NMB orders finding that the Board lacks jurisdiction over an application for mediation. Rejection of that position would create a circuit split where none now exists. The district court ignored the directly controlling line of authority; its opinion conspicuously omits any reference to *ALDA*. We therefore reverse the determination of nonreviewability and remand so that the district court may proceed to the merits of this case. In remanding, we note that, on the merits, NMB's disposition hinges on the employer's status as a "carrier." Whether that issue is one on which the Board's decision is owed deference is a question we leave for initial adjudication in the district court.

For the reasons stated, the petition for review is granted, the judgment of the district court is reversed, and the case is remanded for proceedings consistent with this opinion.

*It is so ordered.*

---

1. The NMB argues that *ALDA* reflects only the rule that NMB decisions involving non-domestic employers are reviewable. *See* Brief for the National Mediation Board at 21. The district court apparently accepted this argument by holding that the only exception to the "general rule of nonreviewability of *domestic* labor representation decisions" is that set out in *Kyne. International Longshoremen's Assoc., AFL–CIO v. NMB*, 607 F.Supp. 113 (D.C.Cir.1985), Joint Appendix (J.A.) at 77a, 81a. It is true that factually *ALDA* involved an employer operating wholly outside the United States. *See ALDA*, 189 F.2d at 687. But as we have indicated in text, the opinion's explicit holding applies in domestic situations as well; and all the circuits, including this one, that have interpreted *ALDA* have so recognized. Moreover, the case cited by the district court for the proposition that NMB decisions involving foreign national employers are reviewable is *McCulloch v. Sociedad Nacional de Marineros de Honduras*, 372 U.S. 10, 17, 83 S.Ct. 671, 675, 9 L.Ed.2d 547 (1963) (adopting this rule for NLRB orders), a decision issued twelve years *after* this court's decision in *ALDA*. *See ILA, AFL–CIO v. NMB*, J.A. at 81a n. 5.