SPRINGFIELD TERMINAL RAILWAY
COMPANY, Plaintiff,

v.

UNITED TRANSPORTATION UNION
and National Mediation Board,
Defendants.

Civ. No. 88-0117-P.

United States District Court,
D. Maine.

May 3, 1989.

Charles S. Einsiedler Jr., Margaret C.
LePage, Pierce Atwood Scribner, Portland,
Me., for plaintiff.

Craig J. Rancourt, Biddeford, Me., Clinton J. Miller III, Asst. General Counsel,
Cleveland, Ohio, for defendant.

Herbert E. Forrest, Trial Atty., Theodore
Hirt, Atty. Dept. of Justice, Washington,
D.C., for Nat. Mediation Bd.

MEMORANDUM OF DECISION AND
ORDER GRANTING NATIONAL
MEDIATION BOARD'S MOTION TO
DISMISS

GENE CARTER, District Judge.

In this action, Plaintiff seeks to set aside
an arbitration award in favor of Defendant
United Transportation Union (UTU), to remand certain questions to a Procedural
Public Law Board, to enjoin further proceedings of the Public Law Board, and to
enjoin Defendant National Mediation Board
(NMB) from contact with the neutral arbitrator. The challenged arbitration award
decided that a withdrawal of service by the

UTU was a valid safety strike against Plaintiff under the Federal Railroad Safety Act (FRSA), 45 U.S.C. § 441, *et seq.*, and that the strikers should be reinstated with back pay. Plaintiff asserts, *inter alia*, that the award was tainted by bias of the arbitrator caused by the intermeddling of the NMB and others, that the NMB violated the Railway Labor Act (RLA) and its own regulations in the appointment of and alleged failure to compensate the arbitrator, and that it violated its own policies in allegedly becoming involved in the scheduling of the arbitration. Now before the Court is the NMB's motion to have itself dismissed as a party.

It is plain from reading the complaint that Plaintiff was not harmed directly by the NMB's alleged actions in intermeddling and scheduling the arbitration or by its alleged failure to appoint and/or compensate the neutral arbitrators. Rather, Plaintiff's complaint is concerned with how the alleged actions of the NMB affected the arbitration award. *See Corey v. New York Stock Exchange,* 691 F.2d 1205, 1213 (6th Cir.1982). Indeed, each count raising allegations about the NMB seeks to have the arbitration award set aside.

■ The RLA, as incorporated by the FRSA, provides specific, very limited grounds for the review of arbitration awards. *See* 45 U.S.C. § 153 First (q). Plaintiff has invoked this review with its jurisdictional allegations. Just as the Court in *Corey* found that the federal Arbitration Act provides the exclusive remedy for challenging the arbitration award in that case, *Corey,* 691 F.2d at 1212, in this case the review provisions of the RLA

should be exclusive.[1] The policies and design of the Act would be significantly undercut if awards could be set aside on grounds not prescribed therein. *See id.* at 1211. If the actions of the NMB are found to have tainted the arbitration award in a manner cognizable under the statute,[2] the award will be overturned.

■ There is no need, however, for the NMB to be a party to the action for appropriate review to be afforded. As the Court of Appeals for the Fourth Circuit stated in *Radin v. United States,* 699 F.2d at 687, "the National Mediation Board is never a proper defendant in an action to challenge an arbitration award by the NRAB" or, in this case, a Public Law Board.[3] A district court reviewing an arbitration award issued either by the NRAB or a Public Law Board should have before it as parties the same parties that were involved in the arbitration. *Id.* at 686; *see also Corey,* 691 F.2d at 1211 ("An aggrieved party alleging a due process violation …, fraud … by arbitrators should pursue remedies against the 'real' adversary through the appeal process.") The cases cited by Plaintiff in support of the proposition that the NMB is a proper defendant are not apposite for they are not cases in which an arbitration award has been entered. *See e.g., Delpro Co. v. Brotherhood Ry. Carmen,* 676 F.2d 960 (3d Cir.1982); *International Longshoremen's Ass'n v. NMB,* 785 F.2d 1098 (D.C. Cir.1986); *International Longshoremen's Ass'n v. North Carolina Ports Authority,* 463 F.2d 1 (4th Cir.1972); *Airline Dispatchers Ass'n v. NMB,* 189 F.2d 685 (D.C. Cir.1951).

1. Although Plaintiff suggests that the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.,* together with 28 U.S.C. § 1331, provides for independent review of the NMB's actions, the Court agrees with the court in *Radin v. United States,* 699 F.2d 681, 687 n. 13 (4th Cir.1983), that section 703 of the APA bars collateral judicial review of arbitration awards under the RLA.

2. The Court has previously stated that implicit in the statute is the power to review awards for violations of due process. *Brotherhood of Maintenance of Way Employes v. Maine Central Railroad,* 691 F.Supp. 509, 510 (D.Me.1988).

3. The Court recognizes that in *Radin* the claims against the NMB were premised on the status of the Board as the parent agency of the NRAB. It was the NRAB's actions which had allegedly tainted the award, and the court stated that the NMB has "no connection with or control over the adjudicatory functions of the NRAB, which are accorded adequate review in the district courts." *Id.* at 687. In both *Radin* and this case, however, plaintiff sought to challenge an arbitration award.

The Counts of the complaint directed specifically at the NMB also seek injunctive relief. They request that

all proceedings of Public Law Board No. 4462 be preliminarily and permanently enjoined until and unless an unbiased arbitrator is appointed to that Board in compliance with the applicable statutes and regulations and that the National Mediation Board be preliminarily and permanently enjoined from having any contact with neutral arbitrators appointed by the NMB in connection with Public Law Board No. 4462 other than under the direct supervision of this Court. Alternatively, all proceedings of Public Law Board No. 4462 should be enjoined until this Court has ruled on the merits of Springfield Terminal's Petition and Complaint to Set Aside the Award of Public Law Board No. 4462.

Third Supplemental petition and Complaint, Counts VII, VIII, IX. This is not an appropriate case for injunctive relief for a number of reasons. First, the record does not demonstrate that Public Law Board No. 4462 is ongoing and has more functions to perform.[4] Second, there has been no showing that irreparable harm will result if injunctive relief is not granted. The legal remedy—review of the arbitration award— is adequate. If it should turn out that the award was tainted by NMB's alleged improper actions, the award will be overturned and Plaintiff will have a new opportunity to secure an award in its favor. Finally, the Court does not think it appropriate, in this context, to insert itself prospectively into the day-to-day operations of the NMB, and such drastic action is not necessary given the availability of judicial review of any resulting awards.

Accordingly, it is *ORDERED* that Defendant National Mediation Board's Motion to Dismiss be, and it is hereby, *GRANTED*

and that the National Mediation Board be, and it is hereby, *DISMISSED* as a party.[5]

---

4. Paragraph 44 of the Third Supplemental Petition and Complaint alleges that the parties submitted final briefs on the back pay issues and are awaiting a final ruling. A letter from the neutral arbitrator attached to the UTU's answer states that the back pay question has been finally decided.

5. Since the Court has dismissed the NMB, it will not address the rest of its motion to dismiss various claims.