Lester ALLENTUCK, t/a Allen Picture Frame Co., et al., Petitioners,

v.

DISTRICT OF COLUMBIA MINIMUM WAGE AND INDUSTRIAL SAFETY BOARD, Respondent.

LARIMER'S, INC., Petitioner,

v.

DISTRICT OF COLUMBIA MINIMUM WAGE AND INDUSTRIAL SAFETY BOARD, Respondent.

Nos. 5005, 5019.

District of Columbia Court of Appeals.

Argued Sept. 12, 1969.

Decided April 21, 1970.

John J. Ross, Washington, D. C., with whom Francis L. Casey, Jr., and Richard S. Rodin, Washington, D. C., were on the brief, for petitioners Allentuck, and others.

William R. Lichtenberg, Joseph Luria, and H. Alan Young, Washington, D. C., for petitioner Larimer's, Inc.

David P. Sutton, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

William F. Dow, III, Washington, D. C., for Neighborhood Legal Services, filed a brief as amicus curiae in No. 5005.

Henry Kaiser and Ronald Rosenberg, Washington, D. C., for Greater Washington Central Labor Council, also filed a brief as amicus curiae in No. 5005.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEBEKER, Associate Judge.

We earlier remanded the record in these cases to the District of Columbia Minimum Wage and Industrial Safety Board (hereinafter "the Wage Board") to supply further

findings of fact.[1] The Wage Board has done so in a six-page supplemental record containing five pages of findings. These findings may be grouped into two parts. The first relates to the basic wage rate established in the wage order. The second relates to the specific items of the wage order dealing with workers under 18 years of age, adult learners, split-shift payments, apprentices, handicapped workers, minimum daily payment, uniform and travel expenses, and meal and lodging allowances.

■ As to the first group, the Wage Board applied three statutory criteria of the District of Columbia Minimum Wage Act of 1966, D.C.Code 1967, § 36–406(e), to the evidence presented at the public hearing. The Wage Board concluded that the material before it supported the recommendation of the ad hoc committee. Accordingly, the Wage Board found that the wage rate adopted was required to provide "adequate maintenance and to protect health"; that the rate was commensurate with the "fair and reasonable value of the work performed" and with that "paid in the District of Columbia by fair employers for work of like or comparable character." *See* § 36–406(e), *supra*.

In the second group of findings, the Wage Board concluded that less valuable services from certain categories of workers warranted twenty cents per hour less than the standard wage rate or, as to handicapped workers under Wage Board certificates "at such lower rates as established by the Wage Board." The Wage Board took cognizance of evidence and experience as to the lesser income needs of minor employees, and of the need to supply impetus to hire less productive workers such as minors, beginners, and handicapped persons. As to odd-hour workers, uniform and travel expenses, and meal and lodging allowances, the Wage Board found certain minimums which, from unchallenged policy and experience, were held to be necessary to safeguard the minimum wage rate. As to these provisions, the Wage Board observed that no challenge was made at the public hearing.

We have reviewed the record and conclude that there is substantial evidence to support the findings of the Wage Board, and that the supplemental findings are adequate. We therefore, affirm the order under review. *See* D.C.Code 1967, § 36–409(a).

■ Petitioners claim that various reports used as evidence in support of the Wage Board's findings are inaccurate.[2] The record reflects that petitioners did not specifically challenge the data submitted at the public hearing on the grounds now asserted, nor did they earlier invite these objections to the attention of the Commissioners when they were clearly on notice that this data underlay the order to be reviewed. *See* § 36–409(a), *supra*, which precluded judicial review of points not raised at the administrative level. However, in view of our remand for appropriate findings, we have examined the record in light of the points raised and conclude that the Wage Board might reasonably have reached its conclusion from the

1. Allentuck v. District of Columbia Minimum Wage and Indus. Safety Bd., D.C. App., 261 A.2d 826 (1969).

2. The *Wage Board relied upon*: *Minimum Wage Division*, D.C. Minimum Wage and Industrial Safety Board, Cost-of-Living Budget for an Employed Person Living Alone, District of Columbia, August 1968; Consumer Price Index, Washington, D.C. (1957–59 = 100) ; U.S. Bureau of Labor Statistics, Dep't of Labor, Bull. No. 1570–5, 3 Standards of Living for an Urban Family of Four Persons, Spring 1967; Hourly Earnings of Employees in the Retail Trade Occupation, District of Columbia, August 1968; U.S. Bureau of Labor Statistics, Dep't of Labor, Bull. No. 1625–22, Area Wage Survey, The Washington, D.C.–Md.–Va., Metropolitan Area, September 1968; Recommendations of Ad Hoc Advisory Committee for the Retail Trade Occupation, February 27, 1969; and testimony of the interested public received at the public hearing.

material relied upon. It is not for us to substitute our judgment for that of the Wage Board. The material relied upon by the Wage Board to reach its basic conclusions contained sufficiently reliable data that we cannot say the wage order fails in its task of implementing expressed congressional policy under § 36–406(e), *supra*.

█ Petitioners contend that the Wage Board's use of a median wage level as a reference point in establishing minimum wage is in error. They suggest it should be entry-level income.[3] We reject their contention as we believe the statutory criteria of § 36–406(e), *supra*, reveals congressional rejection of such concept by the use of the standards of "fair and reasonable value" for the work done and wages paid by "fair employers" for like work. In addition, we find such a concept contrary to the intent of Congress as expressed in D.C. Code 1967, § 36–402(5), defining an "employee" as "any individual employed by an employer," and in D.C.Code 1967, § 36–403, where statutory minimums were set without limitation as to entry-level employees. The minimum wage rate does not benefit only those just entering this labor market but each and every employee so employed. Gemsco Inc. v. Walling, 324 U.S. 244, 255, 65 S.Ct. 605, 89 L.Ed. 921 (1945). Those for whom no benefit was intended are purposely excluded from the Act by § 36–402 (5), *supra*. Congress indicated that a raise in the rate would benefit mostly those earning at a substantially lower level. (S.Rep. No. 864, 89th Cong., 1st Sess. 2 (1965)). If entry-level wages were the proper standard it would effectively exclude the wages of an entire segment of covered employees from consideration.

We think that accurately characterized, petitioners' real objection is that undue weight was given those of high income who are relatively few in the industry. We find no evidence in the record which supports this position. It was not improper to consider such data and we cannot say that undue weight was given to it.

Petitioners state that the data contained in the record is insufficient to support the statutory criteria and the findings made pursuant thereto. We disagree. Universal Camera Corp. v. NLRB, 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951) stated:

> " * * * '[s]ubstantial evidence * * * means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' * * * '[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' "[4] (Citations omitted.)

Upon this standard we find the documents and evidence relied on by the Wage Board sufficient to support the wage order.

█ Petitioners also contend that the Wage Board failed to follow the statutory criteria of D.C.Code 1967, § 36–406 in establishing the wage rate of handicapped, apprentice and minor employees. This attack failed to consider that the evidence and the findings supporting the increase applied to all employees without distinction, and, as observed earlier, additional factors were considered in arriving at a slightly lower rate for such employees. Thus, the establishment of a lower rate for these workers was within the discretion of the Wage Board.

█ The "terms and conditions"[5] inserted to carry out the purpose of the order

---

3. Entry-level income denotes wages paid to those entering a particular labor market rather than wages paid those already employed therein.

4. *See also* Braniff Airways, Inc. v. CAB, 126 U.S.App.D.C. 399, 408, 379 F.2d 453, 462 (1967).

5. D.C.Code 1967, § 36–407(c) states a wage order "shall contain such terms and conditions as the Commissioners [Wage Board] find necessary to (1) carry out the purposes of such order, (2) to prevent the circumvention and evasion of it, and (3) to safeguard the minimum wage rates and overtime compensation established in it."

need only be supported by a determination of necessity.[6] Petitioners do not challenge this determination, nor do they say the terms are not needed; they merely say policy cannot be a basis. Since petitioners failed to address these matters at the administrative level we reject their contention. Moreover, the Wage Board need not supply the same evidence or review its experience with previous wage orders to re-establish the various abuses and means of circumvention heretofore proscribed each time an order sets new wage rates. *Cf.* UNA Chapter, Flight Engineers' International Association v. National Mediation Board, 111 U.S.App. D.C. 121, 125, 294 F.2d 905, 909 (1961). To the extent that expressed policy is based on such considerations it was properly relied upon.

The order of the Wage Board is

Affirmed.

6. D.C.Code 1967, § 36–407(c); Gemsco, Inc. v. Walling, 324 U.S. 244, 256, 65 S.Ct. 605 (1945).